NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOHN WILKIN MASSEY, *Appellant.*

No. 1 CA-CR 21-0368
FILED 12-29-2022

Appeal from the Superior Court in Mohave County
No.  S8015CR202000700
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Advisory Counsel for Appellant*

John Wilkin Massey, Florence
*Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Angela K. Paton and Judge Peter B. Swann[1] joined.

---

**C R U Z**, Judge:

¶1        This appeal was filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for John Wilkin Massey has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Massey was convicted of misconduct involving weapons, a class 4 felony. After reviewing the record, we affirm Massey's conviction and sentence.

## FACTUAL AND PROCEDURAL HISTORY

¶2        We review the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Massey. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3        In March 2020, Lake Havasu City Police Officer Anthony Path was dispatched to a disturbance at a McDonald's and approached Massey. Officer Path found an active warrant for Massey's arrest, and another officer removed a firearm and a knife from Massey's waistband. Officer Path arrested Massey. Both officers conducted a search incident to arrest and found two silver ball bearings in Massey's pockets and tubes of black powder and gold blasting caps in Massey's guitar case.

---

[1]        Judge Peter B. Swann was a sitting member of this court when the matter was assigned to this panel of the court. He retired effective November 28, 2022. In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to Arizona Revised Statutes ("A.R.S.") section 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Swann as a judge *pro tempore* in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and the period during which his vacancy remains open and for the duration of Administrative Order 2022-162.

**¶4**        Officer Path transported Massey to the Lake Havasu City Police Department, booked him, and conducted a criminal history check. Officer Path found Massey's prior felony conviction on an unrelated charge and told Massey he was being held on a weapons misconduct charge. Massey told Officer Path he purchased the firearm in Parker, Arizona after telling the gun dealer he was a convicted felon. Massey claimed the gun dealer said he could legally buy the black powder pistol if he only used it for protection while hunting. Massey claimed he did not know he could not legally own a firearm.

**¶5**        In June 2020, a grand jury indicted Massey on one count of misconduct involving weapons, a class four felony; one count of possession of marijuana, a class six felony; and one count of possession of drug paraphernalia, a class six felony. Before trial, the court dismissed both counts of possession of marijuana and drug paraphernalia.

**¶6**        At trial, Massey represented himself assisted by advisory counsel. The jury convicted Massey, and the superior court conducted the sentencing hearing in compliance with Massey's constitutional rights and Arizona Rule of Criminal Procedure 26. The court found the circumstances of the offense to be a mitigating factor and sentenced Massey as a non-dangerous, repetitive offender to the minimum term of one and one-half years' imprisonment. The court gave Massey 82 days' presentence incarceration credit and imposed the applicable fees.

**¶7**        Massey timely appealed, and we have jurisdiction pursuant to Arizona Constitution Article 6, Section 9, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶8**        We review the entire record for reversible error. *State v. Thompson*, 229 Ariz. 43, 45, ¶ 3 (App. 2012). Counsel for Massey has advised this court after a diligent search of the entire record, counsel has found no arguable question of law. Massey did not file a supplemental brief, but in various pleadings filed before the brief deadline, Massey generally argues the following:

(1) "4th Amendment violations/Illegal search and seizure/false Arrest/false imprisonment,"

(2) "Indictment was illegally obtained,"

(3) "Post deadline violations of discovery/evidence/Motions/ amendments to indictment/etc.,"

(4) "Improper granting of Rule #8/improper denial of Rule #8,"

(5) "Acknowledgment of AZSC Emergency Orders the Denial of AZSC Emergency Orders at same hearing,"

(6) "Violation of subpoena rules,"

(7) "Witness ignored/violated 2 subpoenas,"

(8) "Witness perjured himself then lied on the stand,"

(9) "NO JURISDICTION,"

(10) the Arizona Attorney General's Office cannot represent the State on appeal because it "had previous access to Appellant's files thereby creating a conflict of interest,"

(11) "Clerk picked and seated 13 person Jury with-out any participation by the State or the Defense," and

(12) "Advisory Counsel was assigned to sabotage my case."

Massey fails to cite to the record or legal authority, and we do not address these arguments further. *See* Ariz. R. Crim. P. 31.10(a)(7)(A).

¶9          In his various pleadings, Massey also alleges the superior court judge:

(1) "misread/misunderstood/misapplied Laws,"

(2) "acted as prosecutor for entire proceedings,"

(3) "granted improper continuances to assist the State in preparing their case,"

(4) "presented objections and entire arguments then said he did not,"

(5) "rewrote the laws to suit himself,"

(6) "refused to allow demonstration which would have proven perjury and impeached witness,"

4

(7) "rewrote laws [and] Definitions for Explosive and Prohibited Possessor to assist his own prosecution,"

(8) "refused to allow the Jury to see the Laws and Definitions pertainant [sic] to this case,"

(9) "stated that the Jury was too stupid to understand the laws so he had to rewrite them,"

(10) "refused to allow the Jury to see any . . . laws or definitions" proving "a 'muzzle loaded' Derringer is NOT a firearm," and

(11) "knowingly used privileged information of the Defendant's case[] obtained from the AG's Office."

Massey also fails to cite to the record or legal authority. *See id.* As such, we decline to address them.

¶10            Massey claims the superior court erred in sentencing him as a repetitive offender because:

(1) the State did not prove he was a prohibited possessor,

(2) Mohave County Superior Court previously held he was not a repetitive offender,

(3) "not submitted in a timely fashion," and

(4) the jury did not find he was a repetitive offender.

A prohibited possessor is any person who "has been convicted within or without [Arizona] of a felony . . . and whose civil right to possess or carry a firearm has not been restored." A.R.S. § 13-3101(A)(7)(b). A person who has been previously convicted of a felony offense, which is not a historical prior felony, and now stands convicted of a subsequent offense "shall be . . . sentenced as a category one repetitive offender." A.R.S. § 13-703(A). The sentencing ranges for persons convicted of a class 4 felony without priors and with one nonhistorical prior felony are the same, except that the latter are not probation-eligible. A.R.S. §§ 13-702; -703(H), (O).

¶11            Massey admitted he knew he was a convicted felon when he bought the weapon, and the State proved Massey's nonhistorical prior felony through certified records containing Massey's name, birth date, signature, and fingerprints. The record does not show Massey's civil right

to possess or carry a firearm was restored before he bought the firearm. The court properly sentenced Massey as a prohibited possessor.

¶12        Massey claims defense counsel was ineffective, but these claims may not be raised on direct appeal and instead must be presented to the superior court in a post-conviction relief proceeding. *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20 (2007).

¶13        We have read and considered counsel's brief and Massey's arguments, and we have fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Massey was represented by counsel or assisted by advisory counsel at all stages of the proceedings. The sentence imposed was within the statutory guidelines, and the superior court properly sentenced Massey as a repetitive offender, but to the minimum term. *See* A.R.S. §§ 13-3102(A)(4); -3101(A)(7)(b); -703(A), (H). We decline to order further briefing and affirm Massey's conviction and sentence.

¶14        Upon the filing of this decision, counsel shall inform Massey of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Massey shall have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶15        We affirm.

