270 P.3d 870

**STATE of Arizona, Appellee,**

v.

**Tina Marie THOMPSON, Appellant.**

**No. 1 CA–CR 11–0424.**

Court of Appeals of Arizona, Division 1, Department A.

Feb. 16, 2012.

44

Thomas C. Horne, Attorney General By Kent E. Cattani, Chief Counsel Criminal Appeals/Capital Litigation Section, Phoenix, for Appellee.

James J. Haas, Maricopa County Public Defender By Christopher V. Johns, Deputy Public Defender, Phoenix, for Appellant.

Tina Marie Thompson, Goodyear, Appellant.

## OPINION ORDER

TIMMER, Judge.

¶ 1 Counsel for the appellant has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Clark*, 196 Ariz. 530, 2 P.3d 89 (App.1999), advising that after a search of the record, he has not found any issue that is not frivolous. At defendant Tina Marie Thompson's request, counsel asks this court to review 14 issues; with our authorization, Thompson also filed a supple-

mental brief in propria persona ("pro per") seeking reversal for many reasons. From our review of the issues raised or apparent in the briefs, we disagree that this appeal presents only frivolous issues. We publish this order to clarify the procedures this court will undertake in such circumstances.

¶ 2 The Supreme Court established the *Anders* procedure to ensure substantial equality and fair process when defense counsel concludes that the client's appeal is "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396; *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). In such cases, counsel should advise the appellate court of this conclusion and request permission to withdraw along with providing a brief referring to portions of the record that "might arguably support the appeal." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396. The defendant must be afforded an opportunity to raise any points of error in a pro per filing. *Id.* Thereafter, to ensure the defendant's Sixth Amendment right to counsel, *see Clark*, 196 Ariz. at 535, ¶ 19, 2 P.3d at 94, the court must (1) satisfy itself that counsel diligently and thoroughly searched the record for any arguable claim on appeal, and (2) determine whether counsel correctly concluded that the case is wholly frivolous. *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). If the court agrees with counsel's determination, it may grant the withdrawal request and either dismiss the appeal or, if state law requires, make a decision on the merits. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396. If the court "finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id.*

¶ 3 In Arizona, we do not require defense counsel to list non-meritorious arguments in an *Anders* brief to alert us to issues that "might arguably support the appeal." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396; *Clark*, 196 Ariz. at 537, ¶ 31, 2 P.3d at 96. It is sufficient that counsel sets forth a detailed factual and procedural background of the case with appropriate record citations so we can ensure no non-frivolous issues exist as well as determine that counsel made a thorough review of the record. *Clark*, 196 Ariz. at 538, ¶¶ 32–33, 2 P.3d at 97. The court reviews any possible issues made apparent from the factual and procedural recitation,[1] and it also reviews any issues as requested by the defendant. If no non-frivolous issues are discovered from that review, the court then conducts its own review of the entire record for reversible error. *Id.* at 537, ¶ 30, 2 P.3d at 96. If an arguable issue is found, the court issues a *"Penson* order" and directs appointed counsel and the State to brief the issue; a decision is subsequently rendered by the court. *Id.* If no issue is found, the court affirms and permits defense counsel to withdraw. *Id.*

¶ 4 Defense counsel in this case properly set forth a sufficient background to reveal potential issues in the case to satisfy us he diligently and thoroughly reviewed the record for legal error. We disagree, however, with his determination that all potential issues are wholly frivolous. One issue both counsel and Thompson identified is whether the trial court erred by denying Thompson's motion for new trial based, in substantial part, on evidence that a juror violated the court's admonition and conducted Internet research during deliberations to reveal prior felony convictions of Thompson, a defense witness, and a person whom Thompson blamed for the burglary, and then communicated her findings to the panel. The court denied the motion after conducting an evidentiary hearing, which included the juror's testimony admitting her misconduct and a police detective's report of his interviews of all other jurors undertaken at the State's request with defense counsel's agreement. We have not formed any opinion about the propriety of the court's ruling, but we have determined that the issue is arguable on the merits and therefore not wholly frivolous. *See State v. Aguilar*, 224 Ariz. 299, 305, ¶ 2, 230 P.3d 358, 364 (App.2010) (reversing denial of motion for new trial because State failed to overcome presumption of prejudice stem-

---

1. Counsel alerts the court to such issues by describing any significant rulings in the case, such as the denial of a motion to suppress a defendant's allegedly involuntary statements.

ming from jurors' consideration of Internet research). The pertinent issue before us is how to proceed to ensure Thompson is afforded all constitutional rights due her.

¶5 When an appellate court determines that a non-frivolous issue exists for appeal based solely on review of the issues explicitly raised or apparent in an *Anders* brief or pro per supplemental brief, the court should inform the parties of its determination, strike the brief, and direct counsel to proceed with briefing as with any other criminal appeal. In such a case, the court has no need to continue its review of the entire record for potential reversible error or issue a *Penson* order. The task of diligently reviewing the record must remain with defense counsel, who will then file an advocate's brief.[2] *See State v. Scott*, 187 Ariz. 474, 477, 930 P.2d 551, 554 (App.1996) ("When counsel has filed an advocate's brief on behalf of a defendant, it is neither the role nor the duty of this court to search the record for appealable issues; that is the responsibility of defendant's attorney.").

¶6 To summarize, the extent of this court's review of an *Anders* appeal turns initially on its review of the *Anders* brief and any supplemental brief. If any issue revealed in the briefing is arguable on its merits and therefore not wholly frivolous, the court will inform the parties of its finding, strike the briefs, and order the case to proceed as any other criminal appeal. If no such issues are found, the court will undertake its own review of the record in search of reversible error. If any such issues are discovered during that review, the court will issue a *Penson* order for briefing of the issue before the court decides it. If the court finds only frivolous issues in its extended review, it will address any issues raised by the defendant pro per, affirm, and then permit defense

counsel to withdraw. This procedure will ensure a defendant due process, equal protection, and the right to counsel.

¶7 **IT IS ORDERED** striking the opening brief and Thompson's supplemental brief filed in this matter.

¶8 **IT IS FURTHER ORDERED** directing Thompson's counsel to file a new opening brief setting forth any non-frivolous issues, including the issue stated above, together with argument and applicable authority, no later than forty days after this Opinion Order is filed with the clerk of the court. Thereafter, the parties should follow the briefing schedule set forth in Arizona Rule of Criminal Procedure 31.13(a).

¶9 **IT IS FURTHER ORDERED** vacating the assignment of this case to ·Department A for consideration and disposition pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and directing the clerk of the court to assign the appeal for disposition in the regular course of calendaring criminal appeals.

CONCURRING: MAURICE PORTLEY, Presiding Judge, and ANDREW W. GOULD, Judge.

---

**2.** We appreciate the peculiarity of leaving further record review to counsel who has already stated he did not spot a non-frivolous issue in his review. Nevertheless, further review, particularly when the case involves a lengthy trial, is best left in the hands of an advocate for the defendant rather than three judges, who do not serve in that role. *See Penson*, 488 U.S. at 79–84, 109 S.Ct. 346 (rejecting the Ohio appellate court's conclusion that defendant suffered no prejudice as a result of counsel's failure to submit an advocate's brief on arguable claims because the appellate court thoroughly examined the record and found no error); *Anders*, 386 U.S. at 745, 87 S.Ct. 1396 (highlighting advantages of advocacy over leaving the appellate court with "only the cold record which it must review without the help of an advocate"). As in any criminal appeal, however, we will not ignore fundamental error when we spot it in the record. *State v. Fernandez*, 216 Ariz. 545, ¶32, 169 P.3d 641, 650 (App.2007).