NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

PHILLIP ALEXANDER BUCHANAN, JR., *Appellant.*

No. 1 CA-CR 13-0889
FILED 11-20-14

Appeal from the Superior Court in Maricopa County
No. CR2011-114008-001
The Honorable Lisa Ann VandenBerg, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Reid
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Maurice Portley joined.

---

**H O W E**, Judge:

**¶1**        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969). Defense counsel for Phillip Alexander Buchanan has searched the record and requests this Court to review the record for fundamental error. *State v. Richardson*, 175 Ariz. 336, 339, 857 P.2d 388, 391 (App. 1993). Buchanan was given the opportunity to file a supplemental brief in propria persona. He has not done so. After reviewing the record, we affirm Buchanan's conviction, but vacate the portion of the sentencing order requiring Buchanan to pay the cost of DNA testing.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**        A Phoenix police officer was on routine patrol when he observed Buchanan cut-off another car. The officer then turned on his overhead lights to initiate a traffic stop. Buchanan did not pull over, prompting the officer to turn on his siren.

**¶3**        The officer followed Buchanan. Shortly thereafter, Buchanan turned off his car's lights before colliding into a block fence. Buchanan then got out of his car and ran away. Buchanan proceeded to jump over a nearby fence until the officer apprehended him.

**¶4**        The officer noted that Buchanan exhibited several signs and symptoms of intoxication, including bloodshot and watery eyes, and a strong odor of alcohol emanating from his breath. A blood test later revealed that Buchanan had a blood alcohol concentration of 0.118.

---

[1]        This Court views the evidence in the light most favorable to sustaining the convictions and resolves all reasonable inferences against the defendant. *State v. Karr*, 221 Ariz. 319, 320 ¶ 2, 212 P.3d 11, 12 (App. 2008). This Court also resolves any conflict in the evidence in favor of sustaining the verdicts. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

¶5        Buchanan was charged with unlawful flight from a law enforcement vehicle, a class five felony, and two counts of driving while under the influence of intoxicating liquor, class one misdemeanors. The State alleged several historical prior felony convictions and aggravating circumstances. At the close of the evidence, the superior court properly instructed the jury on the elements of the offense. The jury convicted Buchanan as charged.

¶6        The superior court conducted the sentencing hearing in compliance with Buchanan's constitutional rights and Arizona Criminal Procedure Rule 26. The superior court sentenced Buchanan to five years imprisonment and gave him credit for 77 days of presentence incarceration. The superior court ordered Buchanan to pay various fines and fees regarding his driving under the influence charge, as well as the costs of DNA testing.

**DISCUSSION**

¶7        Buchanan argues that the superior court erred by requiring him to pay for DNA testing. We review the entire record for reversible error. *State v. Thompson*, 229 Ariz. 43, 45 ¶ 3, 270 P.3d 870, 872 (App. 2012).

¶8        Arizona authorizes the department of corrections to "secure a sufficient sample of blood or other bodily substances for [DNA] testing." A.R.S. § 13–610(A). But the defendant is not required to pay for such testing. *State v. Reyes*, 232 Ariz. 468, 472 ¶ 14, 307 P.3d 35, 39 (App. 2013). We therefore vacate the portion of the sentencing order requiring Buchanan to pay the cost of DNA testing.

¶9        Counsel for Buchanan has advised this Court that after a diligent search of the entire record, the only arguable question of law he has found is the court's order requiring Buchanan to pay for DNA testing. We have read and considered counsel's brief and fully reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. Aside from requiring Buchanan to pay for DNA testing, we find no error. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Buchanan was represented by counsel at all stages of the proceedings and the sentence imposed was within the statutory limits. We decline to order briefing and we affirm Buchanan's conviction, but vacate the portion of the sentencing order requiring Buchanan to pay the cost of DNA testing.

¶10        Upon the filing of this decision, defense counsel shall inform Buchanan of the status of his appeal and of his future options. Defense

counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Buchanan shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

¶11 For the foregoing reasons, we affirm Buchanan's conviction, but vacate the portion of the sentencing order requiring Buchanan to pay the cost of DNA testing.



Ruth A. Willingham · Clerk of the Court
FILED : jt