NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JORGE CARLOS RODRIGUEZ, *Appellant.*

No. 1 CA-CR 15-0178
FILED 2-28-2017

---

Appeal from the Superior Court in Maricopa County
No. CR2007-176100-001 DT
The Honorable Robert L. Gottsfield, Judge *Retired*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Donn Kessler joined.

_____

H O W E, Judge:

¶1 Jorge Carlos Rodriguez appeals the trial court's ruling that inmate restraining devices were necessary during his trial. Rodriguez's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), certifying that counsel found no arguable questions of law and asks us to search the record for fundamental error. Rodriguez has filed a supplemental brief in propria persona arguing that (1) no valid reason existed to justify the use of restraining devices, (2) the trial court impermissibly shifted the burden of proof to him, and (3) he was unable to fully participate in his trial because of the adverse psychological effects the restraints had on him. After reviewing the record, we affirm Rodriguez's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2 We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Rodriguez. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2, 986 P.2d 897, 898 (App. 1998).

¶3 The Maricopa County Sheriff's Office required Rodriguez to wear leg braces and a remotely activated custody and control ("RACC") stun-belt during his trial. On the fourth day of his five-day trial, Rodriguez moved to "preclude leg braces and [the] electric security back harness during trial." Rodriguez feared that his leg braces would get stuck in the locked position and that the jury would notice his restraints. Rodriguez stated that he focused more on his restraints than his trial because an officer told him of an instance when a RACC belt accidently activated. When the trial court asked Rodriguez why he wanted the restraints off, he responded that he felt uncomfortable walking with the leg braces because when they lock up he has to bend down to unlock them. The trial court denied the motion but ordered that Rodriguez take the witness stand outside the presence of the jury. After the trial court denied the motion, neither Rodriguez nor his trial attorney brought up the restraints.

¶4            The jury found Rodriguez guilty of five counts of child molestation; two counts of sexual conduct with a minor; one count of public sexual indecency to a minor; and one count of furnishing obscene or harmful items to a minor. Rodriguez appealed his convictions and sentences to this Court. Rodriguez argued that the trial court erred by requiring him to wear the leg braces and RACC belt. We affirmed Rodriguez's convictions and sentences but remanded for the trial court to hold a *Deck*[1] hearing to determine retrospectively the appropriateness of the restraining devices and whether the use of the devices interfered with Rodriguez's right to a fair trial. We also remanded for resentencing on two counts for the trial court to determine whether consecutive sentences were warranted.

¶5            At the *Deck* hearing, the trial court heard testimony from the Maricopa County Sheriff's Office court security supervisor, Rodriguez's trial attorney, and Rodriguez. The security supervisor explained that he looks at multiple factors when making an individual risk assessment to determine whether an inmate needs to wear restraints at trial. Specific to Rodriguez, the security supervisor looked at the type of charges, the possibility of Rodriguez facing multiple life sentences, past criminal history, and the layout of the courtroom. The security supervisor also noted Rodriguez's manslaughter conviction four years before the current charges. Of particular concern was the trial courtroom's layout. Because the courtroom was smaller and had no holding cell, security officers would not have as much time to respond to a problem. The security supervisor concluded that had the hearing occurred before the trial, he would have recommended that Rodriguez wear both the leg braces and the RACC belt during trial.

¶6            Rodriguez's trial attorney worried that a juror could have seen the restraints because the jury came close to Rodriguez when entering and leaving the courtroom. He testified, however, that had any juror seen or heard the leg braces or RACC belt he would have brought it to the court's attention. The trial attorney did not bring any issues to the trial court's attention after the court denied Rodriguez's motion to preclude the restraints.

¶7            According to Rodriguez, throughout the entirety of trial he felt like he could not contribute to his defense because he feared that the jury would see his restraints or that the RACC belt would accidently shock him. Rodriguez explained that he wanted to talk to his attorney during jury

---

[1]      *Deck v. Missouri*, 544 U.S. 622 (2005).

selection but that he was afraid to even pick up a pen because he did not know what would trigger the security officer to activate the RACC belt. Rodriguez admitted to taking notes during the trial but no longer had them at the time of the *Deck* hearing, however. Rodriguez stated that during his testimony at trial, he was sweating profusely because he was nervous that the jury would notice his restraints. No juror questioned whether restraints were used and Rodriguez did not raise the issue again after the trial court denied his motion.

¶8        After the *Deck* hearing, the trial court noted that the State had satisfied its burden under the totality of the circumstances to prove that the restraints were necessary. The trial court specifically noted that Rodriguez faced a life sentence, that the layout of the courtroom required additional precautions, and that Rodriguez's charges were serious enough to warrant safety concerns. The trial court accepted as true Rodriguez's testimony that he was fearful of the RACC belt, but also found that Rodriguez was able to meaningfully communicate with his attorney. The court further determined that even if the restraints were not necessary, wearing the restraints did not prejudice Rodriguez because no evidence showed that the restraints affected the trial or the jury.

¶9        The trial court then addressed the sentencing error. The trial court resentenced the two counts to run concurrently with another count. Rodriguez timely appealed.

## DISCUSSION

¶10        We review the record in connection to the *Deck* hearing for reversible error. *See State v. Thompson*, 229 Ariz. 43, 45 ¶ 3, 270 P.3d 870, 872 (App. 2012). Counsel for Rodriguez has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. However, in his supplemental brief, Rodriguez argues that the trial court erred by finding the use of restraints necessary, that the burden of proof was impermissibly shifted to him to prove that he was prejudiced, and that the restraints affected his ability to fully participate in his trial.

¶11        Matters of courtroom security and safety are left to the trial court's discretion. *State v. Cruz*, 218 Ariz. 149, 168 ¶ 118, 181 P.3d 196, 215 (2008). A trial court's security decision will not be overturned unless an abuse of discretion occurs. *Id.* But the court "must have grounds for ordering restraints and should not simply defer to the prosecutor's request, a sheriff's department's policy, or security personnel's preference for the use of restraints." *Id.* at ¶ 119.

¶12　　　　Here, the trial court held a *Deck* hearing to retrospectively determine whether the restraining devices were necessary. In making its determination, the court relied on the security supervisor's individual risk assessment, the layout of the courtroom, the prior manslaughter conviction, and the potential that Rodriguez would have to serve multiple life sentences. The trial court found that under these specific facts, the use of both restraining devices was appropriate. The record supports those findings. Thus, the trial court did not abuse its discretion by finding that the use of both restraints were necessary at trial.

¶13　　　　Rodriguez next argues that the burden of proof was improperly shifted to him during the *Deck* hearing. The court specifically found, however, that the State had and met its burden. The court explained that the State needed to show that case-specific reasons existed to warrant the use of both restraining devices. The trial court had to determine if the restraints were necessary, and if not necessary, if Rodriguez was prejudiced. That the trial court heard testimony about whether Rodriguez was prejudiced did not impermissibly shift the State's burden to prove that the restraints were necessary in this situation.

¶14　　　　Rodriguez also contends that the restraints caused him such fear that he was unable to concentrate on or participate in his trial. Rodriguez relies on *Gonzalez v. Pilfer*, 341 F.3d 897, 901 (9th Cir. 2003) to support his argument that the use of RACC belts prevents a defendant from effectively communicating with his trial attorney. Here, the trial court specifically found that the restraining devices did not impede Rodriguez's ability to communicate with his trial attorney. Arizona law does not require the trial court to first pursue less restrictive alternatives. *See State v. Benson*, 232 Ariz. 452, 461–62 ¶¶ 31–32, 307 P.3d 19, 28–29 (2013). Rodriguez's trial attorney never brought to the trial court's attention any issue about lack of communication. Although Rodriguez stated that he was too nervous to pick up a pen, he admitted that he took notes during the trial. Moreover, when the trial court asked Rodriguez why he wanted the restraints removed he only brought up the issue about whether the jurors might have noticed the restraints, not that he was unable to effectively communicate with his trial attorney. Thus, the trial court did not abuse its discretion by determining that Rodriguez was not denied a fair trial.

¶15　　　　Finally, Rodriguez appeals from the trial court's resentencing order but failed to argue any error in his supplemental brief. We have reviewed the record for reversible error and find none.

¶16      Upon the filing of this decision, defense counsel shall inform Rodriguez of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Rodriguez shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

**CONCLUSION**

¶17      For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA