NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LAMAS GEORGE, *Appellant.*

No. 1 CA-CR 20-0236
FILED 6-24-2021

Appeal from the Superior Court in Maricopa County
No. CR 2018-108864-001
The Honorable Dewain D. Fox, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Sharmila Roy Attorney at Law, Naperville, IL
By Sharmila Roy
*Counsel for Appellant*

Lamas George, Florence
*Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

---

**C A M P B E L L**, Judge:

¶1        This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel searched the record on appeal and advised us there are no meritorious grounds for reversal. Lamas George was given the opportunity to file a supplemental brief and has done so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against the defendant, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

**BACKGROUND**

¶2        In January 2018, the owner of an auto repair shop called the police for assistance with the removal of a former employee. The police responded, removed George from the premises, and explained that he was forbidden from returning to the shop. The following month, George returned to the shop with a pistol. George found the shop's owner, told him he was there to kill him, and shot at him multiple times while the owner dodged around vehicles inside the shop. George missed with each shot then left. On his way out of the shop, George encountered the owner's cousin, pointed the gun at his face, and pulled the trigger. No bullet fired. George fled the scene.

¶3        The owner's cousin pursued George across the street to an apartment complex, where he saw George stash the pistol before running off. A woman was barbecuing with her boyfriend at the complex when she heard the gunshots and saw George running toward her, gun in hand. George had a brief verbal exchange with her boyfriend then ran off. Police arrested George and recovered the pistol shortly thereafter.

¶4        The State charged George with multiple crimes related to this incident, which was later designated a complex case. Before trial, George made several requests to change counsel, represented himself for part of the

proceedings, and ultimately decided to be represented by his advisory counsel during the trial. After an eight-day bench trial, the superior court found George guilty of attempt to commit first degree murder (count 4), four counts of aggravated assault with a deadly weapon (counts 1, 2, 3, and 5), two counts of disorderly conduct (counts 7 and 9), one count of criminal trespass in the third degree (count 11), and misconduct involving weapons (count 12).[1] The court sentenced George to the presumptive terms and as a category 3 repetitive offender for the felony charges, with counts 1 through 4, 11, and 12 running concurrently, followed by consecutive terms for counts 5, 7, then 9. The court awarded 790 days of presentence incarceration credit for each concurrent sentence. George timely appeals.

## DISCUSSION

**¶5**        In his pro per supplemental brief, George first argues his right to a speedy trial was violated because his case took more than two years to go to trial. The Sixth Amendment of the United States Constitution and Article II, Section 24 of the Arizona Constitution protect a defendant's right to be brought to trial without undue delay. Generally, the superior court must try a defendant in a complex case no later than 270 days after arraignment. Ariz. R. Crim. P. 8.2(a)(3)(C). However, the court may continue a trial when it finds "extraordinary circumstances exist and that delay is indispensable to the interests of justice." Ariz. R. Crim. P. 8.5(b). Delays caused by or on behalf of the defendant are excluded from speedy trial time limits. Ariz. R. Crim. P. 8.4(a)(1). To evaluate speedy trial claims, the superior court weighs (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right to a speedy trial, and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530–32 (1972); *State v. Spreitz*, 190 Ariz. 129, 139 (1997).

**¶6**        George's trial began on February 4, 2020—718 days after his arrest and 700 days after his arraignment. However, 483 days were excluded from the speedy trial calculation either because George waived the time or the court found extraordinary circumstances existed and that the continuance was indispensable to the interests of justice. *See State v. Schaaf*, 169 Ariz. 323, 329 (1991); Ariz. R. Crim. P. 8.5(b). Further, of the days excluded, 400 were caused directly by or on behalf of George. Subtracting

---

[1]        George knowingly, intelligently, and voluntarily waived his right to a jury trial, against the advice of his counsel, the State, and the superior court.

the excluded time, George's trial began 235 days after his arrest and 217 days after his arraignment—well-within the 270 day limit.

¶7        George opposed the final 83-day continuance, but it resulted from his final pretrial motion seeking to replace his counsel. At the hearing on that motion, the superior court explained to George that changing counsel again would result in the trial being continued. George would not waive time but stated he understood that changing counsel would likely cause delays. Finding that extraordinary circumstances existed, the court granted George's motion. Shortly after, the State moved to continue the trial because of resulting trial schedule conflicts. Noting that "[George] was advised prior to firing his attorney that not going forward on that date would most likely result in a [continuance]," the court found that delay was indispensable to the interests of justice and excluded the necessary time. The court did not err.

¶8        Looking at the first *Barker* factor, the combined two-year delay was extensive, but each continuance was indispensable to the interests of justice. *See Barker*, 407 U.S. at 530–31. Concerning the second factor, much of the delay was caused directly by or on behalf of George, he expressly waived much of the time, and he caused the remaining delay indirectly by asking to change counsel—again. *See id.* at 531. George did assert his right to a speedy trial, the third factor, but he has not shown how he was prejudiced by the delays, the fourth factor. *See id.* at 531–32. We find no violation of George's federal or state constitutional right to a speedy trial.

¶9        Second, George contends the superior court erred by relying on the testimony of dishonest witnesses at trial. George's argument invites us to reweigh the evidence. As stated above, we view the evidence, including witness testimony, in the light most favorable to sustaining the conviction, resolving all inferences against the defendant. *Guerra*, 161 Ariz. at 293. We will not reweigh the evidence to decide if we would reach the same conclusions as the trier of fact. *Id.* The court found the witnesses credible. We affirm.

¶10        We have reviewed the remaining arguments George identified in his supplemental brief and have concluded none are arguable issues requiring further briefing. *See State v. Thompson*, 229 Ariz. 43, 45, ¶ 3 (App. 2012). After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects George was present at all critical stages of the proceedings against him. George was represented by counsel at all critical stages, except for between October 2019, when he waived counsel to represent himself, and February 2020, when he requested

that his advisory counsel represent him during the trial. The evidence presented supports the convictions, and the sentences imposed fall within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and George's constitutional and statutory rights. Therefore, we affirm George's convictions and sentences.

¶11  Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, her obligations are fulfilled once she informs George of the outcome of this appeal and his future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). George has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA

5