NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JASON JOHNSON, *Appellant*.

No. 1 CA-CR 22-0190
FILED 2-14-2023

Appeal from the Superior Court in Navajo County
No. S0900CR202000157
The Honorable Dale P. Nielson, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Weagant Law Offices, PLC, Florence
By Megan Weagant
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Angela K. Paton and Judge Peter B. Swann[1] joined.

---

**C R U Z**, Judge:

¶1        This appeal was filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969).  Counsel for Jason Johnson has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error.  Johnson was convicted of first degree felony murder, a class 1 felony.  Johnson was given an opportunity to file a supplemental brief *in propria persona*; he has not done so.  After reviewing the record, we affirm Johnson's conviction and sentence.

## FACTUAL AND PROCEDURAL HISTORY

¶2        We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Johnson.  *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3        On July 4, 2019, Johnson and Shawn Eckard traveled from Phoenix to a remote area in Navajo County to sell one pound of methamphetamine to C.C.  To determine their meeting point, the three men communicated via text.  C.C. was missing for over one month from the time of that meeting until police found his remains near their agreed meeting

---

[1]        Judge Peter B. Swann was a sitting member of this court when the matter was assigned to this panel of the court.  He retired effective November 28, 2022.  In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to Arizona Revised Statutes ("A.R.S.") section 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Swann as a judge *pro tempore* in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and the period during which his vacancy remains open and for the duration of Administrative Order 2022-162.

point. A medical examiner determined C.C. died from a gunshot wound to the back of the head.

¶4            After meeting C.C. on July 4, Johnson and Eckard went to a casino in Payson, Arizona. Johnson then traveled to Gallup, New Mexico, where he spent two nights in hotels. While there, Johnson gave his ex-wife, K.C., several hundred dollars, and K.C. saw Johnson retrieve several bags from a dark-colored truck resembling C.C.'s. Also, while in the hotel, C.C.'s fiancée called K.C., and when she asked if K.C. had seen Johnson, Johnson instructed K.C. to deny seeing him.

¶5            Police recovered C.C.'s truck in mid-July in Acoma, New Mexico. Cell phone evidence led law enforcement to the remote location of C.C.'s body, placed Johnson at the same scene on July 4, and placed Johnson on July 5 at a casino within one mile of where police located C.C.'s truck. Likewise, cell phone evidence revealed that on July 4 the three men's cell phones converged in the same area. On execution of a search warrant in Johnson's hotel room, law enforcement found a backpack with Johnson's identification and a firearm with ammunition matching the bullet that killed C.C.

¶6            In February 2020, a grand jury indicted Johnson on one count of first degree felony murder, a class 1 felony. After a trial, the jury convicted Johnson, and the superior court conducted the sentencing hearing in compliance with Johnson's constitutional rights and Arizona Rule of Criminal Procedure 26. The court found Johnson's substance abuse and family support to be mitigating factors and the emotional harm to C.C.'s family, use of a deadly weapon, taking of C.C.'s property, presence of an accomplice, and prior felony convictions in the past ten years to be aggravating factors. The court sentenced Johnson to a term of natural life with a presentence incarceration credit of 386 days and imposed the applicable fines and fees.

¶7            Johnson timely appealed, and we have jurisdiction pursuant to Arizona Constitution Article 6, Section 9, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶8            We review the entire record for reversible error. *See State v. Thompson*, 229 Ariz. 43, 45, ¶ 3 (App. 2012). Counsel for Johnson has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*,

104 Ariz. at 300, and find none. All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Johnson at all stages of the proceedings, and the sentence imposed was within the statutory guidelines. We decline to order briefing and affirm Johnson's conviction and sentence.

**¶9** Upon the filing of this decision, counsel shall inform Johnson of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Johnson shall have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶10** We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA