NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ROBERT DALE GORDON, *Appellant*.

No. 1 CA-CR 23-0386
FILED 3-26-2024

Appeal from the Superior Court in Mohave County
No. S8015CR202300162
The Honorable Douglas R. Camacho, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Daniel J. Kiley delivered the decision of the Court, in which Judge Kent E. Cattani and Judge D. Steven Williams joined.

---

**K I L E Y**, Judge:

¶1        Robert Dale Gordon appeals his convictions and sentences. Gordon's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after diligently searching the record, counsel has found no arguable issues to raise on appeal. Gordon was given an opportunity to file a supplemental brief *in propria persona*; he has not done so. After reviewing the record, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Our obligation in this appeal "is to review the entire record for reversible error, viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against" the appellant. *State v. Melendez*, 256 Ariz. 14, 19, ¶ 1 (App. 2023) (citations omitted).

¶3        On February 2, 2023, Gordon tried to use a fake $100 bill to purchase items from an ARCO gas station in Kingman. As a witness later described, the bill had a texture "like printer paper" and bore the words "copy" and "for motion picture use only." When the cashier refused to accept the bill as payment, Gordon began yelling at her and calling her names. Keeping the bill, the cashier told Gordon to leave the store and called the police.

¶4        Kingman Police Sergeant Morris responded to the call and recovered the bill from the cashier, who also provided a physical description of the person who had tried to use it.

¶5        Shortly thereafter, Gordon attempted to use another fake $100 bill to purchase cigarettes from a Smith's Fuel Center. Recognizing that the bill "was a counterfeit," the Smith's employee told Gordon that she would not accept it as payment. In response, Gordon "started calling [her] names and . . . hitting the window of the kiosk." The employee called the police. A different Kingman police officer responded to the call and collected the second fake bill.

¶6　　　　Later that night, Sergeant Morris saw a man crossing the street and realized that he matched the ARCO clerk's description of the person who had tried to use the fake bill. Sergeant Morris approached the man, later identified as Gordon, detained him, and conducted a search of his person. Finding a counterfeit $100 bill in Gordon's front left pants pocket and another in the bag Gordon was carrying, Sergeant Morris arrested Gordon.

¶7　　　　A grand jury indicted Gordon on three counts of forgery, each a class 4 felony in violation of A.R.S. § 13-2002, and one count of criminal trespass, a class 3 misdemeanor in violation of A.R.S. § 13-1502. The State later filed an addendum under A.R.S. § 13-703 alleging that the offenses were committed on separate occasions. The State also alleged aggravating factors under A.R.S. § 13-701(D), including, as to each of the forgery counts, that Gordon committed the crime "as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value." *See* A.R.S. § 13-701(D)(3), (6), (11). The State also alleged, as to all counts, that each victim suffered physical, emotional, or financial harm. *See* A.R.S. § 13-701(D)(9).

¶8　　　　The court conducted a one-day jury trial on June 12, 2023. All four counterfeit bills were admitted as exhibits, as well as body-camera footage of Sergeant Morris detaining and searching Gordon, with the audio redacted (on defense counsel's motion). Sergeant Morris testified, identifying Gordon as the person he found to be in possession of two counterfeit $100 bills on the night of February 2. The ARCO cashier and the Smith's employee also testified about the incidents at their respective businesses, each identifying Gordon as the person who tried to use a fake $100 bill.

¶9　　　　At the close of the State's evidence, Gordon moved for a judgment of acquittal under Arizona Rule of Criminal Procedure ("Rule") 20. The court denied the motion, finding that the State presented sufficient evidence for the jury to convict Gordon of each charged offense. The defense then rested, and counsel delivered closing arguments.

¶10　　　　The jury found Gordon guilty of all three counts of forgery but not guilty of criminal trespass.

¶11　　　　The court then conducted an aggravation hearing. After deliberating, the jury found the State had not proven that any of the victims suffered physical, emotional, or financial harm. The jury further found that the State had proven Gordon committed counts 1 and 2 (the forgery counts

arising from Gordon's attempted purchases at ARCO and Smith's, respectively) "as consideration for the receipt or in the expectation of the receipt of anything of pecuniary value" but had not proven the same as to count 3 (the forgery count arising from the fake bill found in Gordon's pocket). Finally, the jury found that each of the offenses was committed on a separate occasion.

¶12 Before sentencing, Gordon underwent a Rule 26.5 psychological evaluation by Dr. Mark J. Harvancik. Noting that "Gordon's presentation reflected minimal cooperation," Dr. Harvancik concluded it was impossible to administer a "mental status examination or other testing." Relying on Gordon's prior evaluations from 2022, 2020, and 2019, Dr. Harvancik found that Gordon suffered from "mild cognitive impairment" and displayed behaviors indicative of alcohol use disorder, antisocial personality disorder, and delusional disorder (possibly induced, at least in part, by alcohol abuse).

¶13 At the August 24, 2023 sentencing hearing, the court acknowledged that the jury found one aggravating circumstance with respect to counts 1 and 2—expected "pecuniary gain"—but determined that the circumstance did not warrant "too much weight" given the modest amount of the expected gain. The court did not find any aggravating circumstances with respect to count 3. As for mitigating circumstances, the court found that Gordon's "capacity to appreciate the wrongfulness of [his] conduct or to conform [his] conduct to the requirements of the law was significantly impaired" and that Gordon had caused "little harm, if any" to the victim businesses. Based on these findings, the court imposed a mitigated sentence of one year on count 1, with credit for 186 days of pre-sentence incarceration. *See* A.R.S. § 13-702(D). The court likewise imposed mitigated sentences of one year on counts 2 and 3. *See id.* Noting that each offense occurred at a separate location and that there was some (albeit slight) temporal separation among the offenses, the court ordered that the sentences would run consecutively.

¶14 Gordon timely appealed.

**DISCUSSION**

¶15 After reviewing the entire record, *see State v. Thompson*, 229 Ariz. 43, 45, ¶ 3 (App. 2012), we find no reversible error. No evidence was obtained in a manner that violated Gordon's constitutional or statutory rights. All of the proceedings were conducted in compliance with applicable statutes and court rules. Counsel represented Gordon at all

stages of the proceedings. The sentences imposed were within statutory parameters, with credit given for time spent in pretrial custody. We affirm Gordon's convictions and sentences.

¶16 Upon the filing of this decision, defense counsel shall inform Gordon of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate to raise with the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Gordon shall have thirty days from the date of this decision to file a motion for reconsideration or petition for review on his own behalf.



AMY M. WOOD • Clerk of the Court
FILED: AA