NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DIESERAY QUENTIAL COZART, *Appellant.*

No. 1 CA-CR 23-0289
FILED 07-18-2024

Appeal from the Superior Court in Maricopa County
No. CR2022-109403-001
The Honorable Kevin B. Wein, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Susser Law Firm, PLLC, Chandler
By Adam Susser
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Paul J. McMurdie joined.

**C A M P B E L L**, Judge:

¶1        Dieseray Quential Cozart appeals his convictions and sentences for aggravated assault. Cozart's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable questions of law. Counsel asks us to search the record for reversible error. Cozart had the opportunity to file a supplemental brief but did not do so. After reviewing the record, we affirm Cozart's convictions and sentences.

## BACKGROUND[1]

¶2        Cozart's sister, Patricia, lived in an apartment with two roommates, John and Adam.[2] Cozart occasionally stayed with them and had his mail delivered to the apartment. In March 2022, Patricia had a falling out with Cozart and told him not to return to the apartment. About two weeks later, John and his friend, Samuel, were asleep in the living room. Patricia and Adam were in their bedrooms. John and Samuel woke to hear Cozart knocking on the window. Although Cozart had on a ski mask, the men recognized his voice and physical appearance.

¶3        Cozart began shouting, "where's my shit" and "open the door." Patricia came out of her bedroom and confronted Cozart, asking him to leave the apartment. Cozart said that he wanted packages that had been delivered to the apartment and reached through the window to open the door. John told Cozart to step back and he would give him the packages. Cozart pulled out a handgun, pointed it at John's face, and said, "give me my package." He then waved the handgun, pointing it in Samuel's face

---

[1]      We view the facts in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Cozart. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998) (citation omitted).

[2]      We use pseudonyms to protect the privacy of the victims and witnesses.

before returning to point the gun at John. Cozart reached through the window again and opened the door. John went to Adam's bedroom and told him to call 911. When John returned to the living room, he saw Cozart leave the apartment with packages. John picked up a fan, throwing it toward Cozart to "tell him to get out," and took a picture of him as he got into a vehicle and fled the apartment complex.

¶4　　　　Police officers located Cozart's vehicle based on John's description and conducted a traffic stop. Cozart got out of the vehicle and placed his hands in the air. Officers saw that Cozart had an item in his hand and, at their command, he threw it to the side. When officers asked him to raise his shirt to see his waistband, he ran from the patrol vehicles. Officers quickly detained and arrested him. Officers collected the item that Cozart discarded and saw that it was a handgun wrapped in a ski mask. They also found Cozart's packages in the vehicle. A detective test-fired the handgun and found it to be in operable condition.

¶5　　　　The State charged Cozart with two counts of aggravated assault, both class 3 felonies and dangerous offenses. *See* A.R.S. §§ 13-105(13) (dangerous offense), -1204(A)(2) (aggravated assault). Before trial, the State alleged that Cozart's prior felony convictions could be used for impeachment purposes under Arizona Rule of Evidence ("Rule") 609(a). The superior court found the prior felony convictions admissible under Rule 609(a), ordering that they be sanitized—that is, only allowing the fact of a prior felony conviction to be used and not the nature and class of the felony conviction. The court also granted the State's motion to preclude Cozart's use of the diminished capacity defense, noting that evidence relevant to his mental state at the time of the offenses may be admissible.

¶6　　　　During trial, the State presented the seized evidence, witness testimony, photographs, and dash-camera footage. At the close of the State's case, the superior court denied Cozart's motion for judgment of acquittal under Arizona Rule of Criminal Procedure ("Rule") 20(a). Cozart testified that he went to the apartment to retrieve his packages and attempted to contact Patricia beforehand. When he arrived, he asked the occupants for his packages and they refused. He then tried to open the door, and someone threw a fan at him. He felt threatened, waved the handgun in their direction, and fled with the packages. Cozart claimed that he ran from officers because he had seen "police shootings" and feared for his safety. In cross-examination, the State impeached Cozart with his prior felony convictions.

3

¶7            The superior court denied Cozart's request for jury instructions on self-defense and crime prevention, finding that he was not entitled to the instructions based on evidence that he provoked the encounter and had no legal right to be in the apartment. *See* A.R.S. §§ 13-404(B)(3) (limiting self-defense claims to unprovoked conduct), -411(D) (limiting crime prevention claims to the defense of any place "where a person has a right to be"). The court instructed the jury on the lesser-included offenses of disorderly conduct, and provided a limiting instruction regarding Cozart's prior felony convictions. The jury found Cozart guilty as charged, and found aggravating factors applied.

¶8            The superior court conducted the sentencing hearing in compliance with Cozart's constitutional rights and Rule 26. The court sentenced him to two concurrent, slightly mitigated terms of 6.5 years' imprisonment. *See* A.R.S. § 13-704(A) (dangerous offender sentencing range). The court awarded 247 days of presentence incarceration credit and imposed the standard fees and assessments. The court granted Cozart leave to file a delayed appeal under Rule 32.1(f). He appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶9            We review the entire record for reversible error. *See State v. Thompson*, 229 Ariz. 43, 45, ¶ 3 (App. 2012). Cozart's counsel has advised this Court that, after a diligent search of the record, he found no arguable questions of law.

¶10            We have considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Cozart at all critical stages of the proceedings. The superior court properly instructed the twelve-person jury on the elements of the charged offenses, the elements of the lesser-included offenses, the State's burden of proof, the presumption of innocence, and all other applicable laws. The record contains substantial evidence supporting the jury's verdicts. The court imposed slightly mitigated sentences within the statutory limits and awarded the correct amount of presentence incarceration credit. We decline to order additional briefing and affirm Cozart's convictions and sentences.

¶11            Upon the filing of this decision, Cozart's counsel shall inform him of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, he finds an issue appropriate for

submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Cozart shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or a petition for review. *See* Ariz. R. Crim. P. 31.21.

**CONCLUSION**

**¶12** For the foregoing reasons, we affirm Cozart's convictions and sentences.

