NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

MONIQUE LUVONIA CHAMBERS, *Appellant*.

No. 1 CA-CR 24-0689

FILED 03-30-2026

Appeal from the Superior Court in Maricopa County
No. CR2024-117614-001
The Honorable Monica Edelstein, Judge

**AFFIRMED**

COUNSEL

Brown & Little PLC, Chandler
By Matthew O. Brown
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which
Presiding Judge Michael S. Catlett and Judge Angela K. Paton joined.

**P E R K I N S**, Judge:

**¶1**        Monique Luvonia Chambers timely appealed under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following her conviction and sentence for unlawful flight from a law enforcement vehicle, a class 5 non-dangerous felony under Arizona Revised Statutes Section 28-622.01. Counsel for Chambers searched the record and advised this Court that he found no arguable, non-frivolous questions of law and asks us to search the record for reversible error. *See Anders,* 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Chambers had the opportunity to file a supplemental brief but did not do so.

**¶2**        After reviewing the entire record for reversible error, *State v. Thompson*, 229 Ariz. 43, 45, ¶ 3 (App. 2012), we find none, and affirm Chambers' conviction and sentence.

### FACTUAL AND PROCEDURAL BACKGROUND

**¶3**        We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Chambers. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

**¶4**        In the early morning hours of April 14, 2024, a uniformed Phoenix police officer driving a fully marked police cruiser with red and blue overhead lights attempted to pull over Chambers, who appeared to be traveling at a high rate of speed. Rather than pulling over when the officer activated his overhead lights and siren, Chambers accelerated, made several quick turns, and entered an apartment complex parking lot. Once she came to a stop, an individual in Chambers' front passenger seat fled on foot, while Chambers remained in the driver's seat and complied with all of the officer's subsequent requests.

**¶5**        The State charged Chambers with one count of unlawful flight from a law enforcement vehicle. At trial, the officer who conducted the traffic stop testified, as did Chambers. The State played the body-worn camera footage of Chambers' arrest for the jury, and confronted Chambers with two prior felony convictions. After the State rested, Chambers moved for acquittal under Arizona Rule of Criminal Procedure 20. The court denied the motion, and the jury found Chambers guilty. At sentencing, the court found that Chambers had four prior felony convictions. The court then balanced the aggravating and mitigating factors and sentenced Chambers as a category three repetitive offender to a three-year mitigated term with 32 days of presentence incarceration credit.

## DISCUSSION

**¶6** The record reflects that the superior court conducted all pre-trial and trial proceedings in compliance with the Arizona Rules of Criminal Procedure. *See State v. Gomez*, 27 Ariz. App. 248, 251 (1976) (citing Ariz. R. Crim. P. 1.2). Chambers was present and represented by counsel at all critical stages of the proceeding, except when counsel waived her presence. Sufficient evidence supported the jury finding Chambers was guilty of the charged offense. The court allowed Chambers to speak and explained on the record the factors it considered in imposing the sentence, *see* Ariz. R. Crim. P. 26.10, and sentenced her within the statutory guidelines, *see* A.R.S. §§ 13-701 to -709.

## CONCLUSION

**¶7** Having reviewed the entire record for arguable issues of law and finding none, we affirm Chambers' conviction and resulting sentence. *See Leon*, 104 Ariz. at 300–01.

**¶8** Upon the filing of this decision, defense counsel shall inform Chambers of the status of the appeal and of her future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Chambers shall have 30 days from the date of this decision to proceed, if she desires, with a *pro per* motion for reconsideration or petition for review.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR