NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ANTHONY JOSE MARTINEZ, *Appellant.*

No. 1 CA-CR 24-0417

FILED 05-11-2026

Appeal from the Superior Court in Coconino County
No. S0300CR202000631
The Honorable Ted Stuart Reed, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Chief Judge Randall M. Howe joined.

---

**F A B I A N,** Judge:

¶1          Anthony Jose Martinez appeals his convictions and sentences for one count of first-degree murder, two counts of child abuse, two counts of kidnapping, and two counts of aggravated assault. Martinez's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable questions of law. Counsel asks this Court to search the record for reversible error. Martinez had the opportunity to file a supplemental brief but did not do so. Having reviewed the record, this Court affirms Martinez's convictions and sentences.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2          This Court views the facts in the light most favorable to sustaining the convictions and resolves all reasonable inferences against Martinez. *State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998).

¶3          In March 2020, an officer responded to a 911 call at an apartment where D.M., who was six years old, was not breathing. Martinez, D.M.'s father, was at the apartment along with D.M.'s mother, grandmother, and three other children. The officer could not perform CPR on D.M. because when he tried to open D.M.'s jaw, it was rigid. Firefighters also responded to a call and determined that because D.M. showed signs of rigor mortis, any effort to save him would have been unsuccessful. D.M.'s eyes and cheeks were sunken in, he had no fat or muscle on his body, and his skin was stretched over his bones. At the time of his autopsy, D.M. weighed 18 pounds. A forensic pathologist determined D.M.'s cause of death was starvation.

¶4          Later that day, a Flagstaff Police Department detective interviewed two of the other children. The detective testified at trial that A.M., who was seven years old, looked emaciated, became increasingly lethargic during his interview, and repeatedly asked for food. Based on A.M.'s energy level and behavior, he was transported to Flagstaff Medical

Center. A.M.'s condition required a larger medical facility, so he was transferred to Phoenix Children's Hospital. A.M. weighed 28 pounds and had no fat on his face or fat or muscle on his arms or legs. When the hospital treated A.M. for severe malnourishment, A.M. experienced refeeding syndrome, which occurs when a severely malnourished person eats and can be fatal.

**¶5**　　　　The police served a search warrant at the apartment and found a significant amount of food in the kitchen. They also obtained surveillance video at a grocery store showing Martinez shopping.

**¶6**　　　　During their investigation, police learned that D.M. and A.M. would sleep in a bedroom closet while Martinez sat in a chair overnight playing video games, guarding the closet so they could not leave to get food. They would remain in the closet for 16 hours. The police also found damp orange plastic in the closet that smelled like urine.

**¶7**　　　　When the police tried to arrest Martinez, he resisted. During the struggle to arrest him, Martinez injured a detective and damaged another officer's uniform.

**¶8**　　　　The State charged Martinez with first-degree murder (count 1), a class 1 felony; two counts of child abuse (counts 2 and 3), a class 2 felony; two counts of kidnapping (counts 4 and 5), a class 2 felony; and two counts of aggravated assault (counts 6 and 7), one class 4 felony and one class 5 felony. *See* A.R.S. §§ 13-1105(A)(2) (first-degree murder); 13-3623(A)(1) (child abuse); 13-1304(A)(3) (kidnapping); 13-1204(A)(8)(a) (aggravated assault). The State alleged the first-degree murder, child abuse, and kidnapping charges were dangerous crimes against children and domestic violence offenses.

**¶9**　　　　The court held a 13-day trial with 12 jurors and 6 alternates. Following the close of Martinez's case-in-chief, he moved for a judgment of acquittal under Arizona Rule of Criminal Procedure 20. The superior court denied the motion. Martinez did not testify in his own defense.

**¶10**　　　　The jury entered guilty verdicts on all charges and found the victims were under the age of 15 on the child abuse and kidnapping counts.

**¶11**　　　　The court sentenced Martinez to natural life for count 1 with a presentence incarceration credit of 1,580 days. *See* A.R.S. § 13-751(A)(3). On counts 2, 3, 4, and 5, the court sentenced Martinez to presumptive terms of 17 calendar years in prison with no presentence incarceration credit. *See* A.R.S. § 13-705(F). On count 6, the court sentenced Martinez to a

presumptive term of 2.5 years in prison with a presentence incarceration credit of 1,580 days. *See* A.R.S. § 13-702(D). On count 7, the court sentenced Martinez to a presumptive term of 1.5 years in prison with a presentence incarceration credit of 1,580 days. *See id.* The court ordered the first five counts be served consecutively and counts 6 and 7 be served concurrently with the other imposed sentences.

¶12     Martinez timely appealed. This Court has jurisdiction under Article VI, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶13     This Court has read and considered counsel's brief and has reviewed the record for arguable issues of reversible error. *State v. Thompson*, 229 Ariz. 43, 45 ¶ 3 (App. 2012). This Court finds none.

¶14     The record reflects that the superior court afforded Martinez all his constitutional and statutory rights and that it conducted the proceedings in compliance with the Arizona Rules of Criminal Procedure. Martinez was represented by counsel at all critical stages. The evidence presented at trial was sufficient to support the jury's verdicts. The jury was properly composed and instructed and there is no evidence of misconduct. Martinez's sentences fall within the ranges prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

¶15     This Court affirms Martinez's conviction and sentence. Unless defense counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review, her obligations regarding Martinez's appeal will end after informing him of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). This Court also, of its own accord, grants Martinez thirty days from the date of this decision to proceed, if he desires, with a motion for

reconsideration or a petition for review with the Arizona Supreme Court. *See* Ariz. R. Crim. P. 31.3(a), 31.20(c), 31.21(b)(2)(A).



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR