NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAMES W. MORTIMER, III, *Appellant.*

No. 1 CA-CR 23-0267
FILED 06-11-2024

Appeal from the Superior Court in Mohave County
No. S8015CR202200814
The Honorable Douglas Camacho, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Janelle A. McEachern, Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

James W. Mortimer, III, Kingman
*Appellant*

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Michael J. Brown joined.

**C A M P B E L L**, Judge:

¶1        James W. Mortimer, III, appeals his conviction and sentence for attempted sexual assault. Mortimer's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable questions of law. Counsel asks us to search the record for reversible error. Mortimer filed a supplemental brief, which this Court has considered. After reviewing the record, we affirm Mortimer's conviction and sentence.

## BACKGROUND[1]

¶2        In November 2020, in Mohave County, Mortimer, his girlfriend, Kaitlin Coleman, and her best friend, Katherine,[2] went out drinking all night and into the early morning hours of the next day. The group returned to Mortimer and Coleman's house, got something to eat, and began playing games. Coleman began nodding off, so she retired to her bedroom. Mortimer and Katherine stayed and cleaned up. At some point, Mortimer approached Katherine and asked her to have sex. She told him "no," explaining that she valued her friendship with Coleman. Mortimer continued to say, "let's have sex," and Katherine repeated that she "did not want to have sex with him."

¶3        Katherine went to the guest bedroom to sleep, closing the door behind her. Shortly after, Mortimer entered the bedroom, got into bed, and began pulling down Katherine's pants. She struggled with Mortimer, preventing him from removing her pants and told him to "stop." Mortimer then climbed on top of Katherine, pinning her arms to the bed with his knees. He placed one hand on her chest and, with his other hand, began

---

[1]        We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Mortimer. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

[2]        We use a pseudonym to protect the victim's privacy.

masturbating. Katherine continued to say "no" and "stop," eventually turning her head to the side because she "just wanted it to be over." Mortimer ejaculated on her chest, face, and hair and then left the bedroom.

¶4        Katherine went to the bathroom and took pictures of herself in the mirror. In the pictures, she had a wet substance on her shirt as well as red marks on her neck and chest. Katherine unsuccessfully tried to wake Coleman and ask for help, and then she left the house. Later that day, Mortimer text messaged Katherine apologizing for "whatever happened last night." Mortimer indicated that Coleman told him that he "scared" and "hurt" Katherine, but he had no memory of the evening. Katherine feared retaliation and did not immediately contact the police.

¶5        Two days after the assault, Katherine contacted law enforcement and provided them with the stained shirt, pictures, and Mortimer's text messages. Mortimer agreed to speak with officers, claiming that he never had sex with Katherine and could not remember details from that evening. Forensic scientists located sperm cells from a single contributor on Katherine's shirt, and the DNA profile from the "sperm-targeted fraction" matched Mortimer's DNA profile. The State charged Mortimer with one count each of attempted sexual assault, a class 3 felony, and aggravated assault with sexual motivation, a class 6 felony. *See* A.R.S. §§ 13-1001(A) (attempt), -1204(A)(4) (aggravated assault), -1406(A) (sexual assault).

¶6        Before trial, the superior court granted several unopposed motions correcting dates in the indictment, precluding any mention of Mortimer's unrelated misdemeanor conviction, and precluding admission of Coleman's statements to officers and her text messages with Katherine. The court denied Mortimer's motion to preclude his text messages with Katherine, finding that they could be admitted as statements made by an opposing party. *See* Ariz. R. Evid. 801(d)(2)(A) (excluding party-opponent statements from the rule against hearsay).

¶7        At trial, the State presented testimony from Katherine, the investigating officers, and a forensic scientist. The State did not call Coleman to testify and did not admit her out-of-court statements. To the extent Mortimer's text messages with Katherine referred to Coleman's statements, the superior court gave a limiting instruction to the jury, clarifying that the reference was "admitted only for the limited purpose of giving context to statements by the defendant." At the close of the State's case, the court denied Mortimer's motion for judgment of acquittal under Arizona Rule of Criminal Procedure (Rule) 20(a)(1). Outside the presence

of the jury, the court advised Mortimer of the right to testify and he chose not to exercise that right. The jury later found Mortimer guilty of attempted sexual assault and not guilty of aggravated assault. The State alleged, but the jury did not find, that the victim suffered harm as an aggravating factor.

**¶8** The superior court conducted the sentencing hearing in compliance with Mortimer's constitutional rights and Rule 26. The court imposed the mitigated sentence of two years' imprisonment with 29 days of presentence incarceration credit, and imposed standard fees and assessments. *See* A.R.S. § 13-702(D) (first-time felony offender sentencing range). The court ordered Mortimer to register as a sex offender and pay the attendant fee of $250. *See* A.R.S. § 13-3821(A)(5) (requiring sex offender registration for attempted sexual assault). Upon the victim's request, the court also issued a lifetime no-contact injunction against Mortimer. *See* A.R.S. § 13-719(A)(3) (allowing lifetime injunctions for sexual offenses).

**¶9** After conducting a restitution hearing, the superior court ordered Mortimer pay $1,125 to the victim compensation fund for "trauma counseling" provided to Katherine after the assault. Mortimer timely appealed.

## DISCUSSION

**¶10** We review the entire record for reversible error. *State v. Thompson*, 229 Ariz. 43, 45, ¶ 3 (App. 2012). Mortimer's counsel has advised this Court that, after a diligent search of the record, she found no arguable questions of law.

**¶11** In Mortimer's supplemental brief, he argues that he received ineffective assistance of trial counsel. Claims of ineffective assistance of counsel may not be raised on direct appeal. *State ex rel Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20 (2007). Instead, they must be presented to the superior court in a post-conviction relief proceeding under Rule 32.1. *See generally* Ariz. R. Crim. P. 32.1 (grounds for post-conviction relief after trial). We need not address such claims here.

**¶12** We have considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Mortimer at all critical stages of the proceedings. The superior court properly instructed the eight-person jury on the elements of the charged offenses, the State's burden of proof, the presumption of innocence, and other applicable laws. The record contains substantial evidence supporting

the jury's verdict and the court's restitution order. The court imposed a sentence within the statutory limits and awarded the correct amount of presentence incarceration credit. We decline to order briefing and affirm Mortimer's conviction and sentence.

¶13      Upon the filing of this decision, Mortimer's counsel shall inform him of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, she finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Mortimer shall have 30 days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or a petition for review.

## CONCLUSION

¶14      For the foregoing reasons, we affirm Mortimer's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:   AGFV

5