NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

WADE ASTLE, *Appellant*.

No. 1 CA-CR 23-0510

FILED 02-27-2025

Appeal from the Superior Court in Maricopa County
No. CR2019-001849-001
The Honorable Geoffrey H. Fish, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Law Office of Kyle T. Green P.L.L.C., Tempe
By Kyle Green
*Counsel for Appellant*

Wade Astle, Florence
*Appellant*

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Andrew M. Jacobs and Angela K. Paton joined.

T H U M M A, Judge:

¶1       This is an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Wade Astle has advised the court that, after searching the entire record, he has found no arguable questions of law and asks this court to conduct an *Anders* review of the record. Astle was given the opportunity to file a supplemental brief pro se, and has done so. This court has reviewed the record and has found no reversible error. Accordingly, Astle's convictions and resulting sentences are affirmed.

### FACTS AND PROCEDURAL HISTORY

¶2       In 2017, Astle was living in a casita on the back of his sister's property in Mesa. The Maricopa County Sheriff's Office obtained a search warrant to search the property relating to electronic items. During the search, officers found CDs containing images of minors engaging in exploitive or sexual conduct. As relevant here, Astle was charged with nine counts of sexual exploitation of a minor, each a Class 2 felony and Dangerous Crime Against Children.

¶3       The State filed a pretrial motion to admit, under Ariz. R. Evid. 404(b) and (c), Astle's possession of more than 1,000 asserted images of child sexual exploitation, his alleged sharing of more than 200 of these images, and his internet search history relating to sexual images of children. After full briefing, an evidentiary hearing and oral argument, the superior court denied the motion as to the alleged file-sharing, but granted the remainder of the motion.

¶4       At trial, the State presented testimony that Astle was living in the casita at the time of the search warrant, the CDs were found in the casita and the individuals in the images were less than 15 years old. After the State rested, Astle moved for a judgment of acquittal, which the superior court denied, finding the State had presented substantial evidence to support a

conviction for each charge. *See* Ariz. R. Crim. P. 20(a)(1) (2025).[1] Astle elected not to testify on his own behalf, as was his right. After closing arguments and deliberation, the jury found Astle guilty as charged.

**¶5**        The superior court later sentenced Astle to ten years in prison, the minimum sentence, for each of the nine convictions, with the sentences to run consecutively to each other, and awarded him seventy days of presentence incarceration credit for the first conviction. This court has jurisdiction over Astle's timely appeal under Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1), 13-4031 and 13-4033(A)(1).

## DISCUSSION

**¶6**        This court reviews the entire record for reversible error, *State v. Thompson*, 229 Ariz. 43, 45 ¶ 3 (App. 2012), viewing the facts in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Astle, *see State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998).

**¶7**        Counsel for Astle has advised this court that after a diligent search of the entire record, counsel has found no arguable question of law. Astle filed a supplemental brief raising several issues, including improper admission of evidence. Astle argues the court "erred in allowing peer-to-peer search terms in the 404 ruling." Though he asserts the search terms should have been excluded because evidence of peer-to-peer file sharing was excluded, and both types of evidence "were associated with the same software," Astle has not shown the court erred in admitting the other act evidence.

**¶8**        Astle also argues the court erred "in not following the 404 ruling, denying the rule 20, [and] providing insufficient jury instructions." Astle argues the court erred by not providing a sua sponte limiting instruction during the State's opening statement, during witness testimony and when the other act evidence was admitted. He states these circumstances "could cause enough to have the jury view the items in an unfair light and prejudice the entire trial."

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶9 The other act evidence was admitted for a permitted purpose. *See* Ariz. R. Evid. 404(b). As such, "on timely request" of a party, the court "must restrict the evidence to its proper scope and instruct the jury accordingly." Ariz. R. Evid. 105. Astle, however, made no such timely request. Even then, the court's final jury instructions included such a limiting instruction, which mitigated any unfair prejudice from the evidence. *See State v. Villalobos*, 225 Ariz. 74, 80 ¶ 20 (2010) (citing authority).

¶10 Astle also argues "the prosecutor's actions and comments constitute misconduct." However, Astle fails to show how the cited behaviors amount to misconduct. Astle takes issue with the fact the State did not request a limiting instruction that a witness' testimony "was for 404 reasons only." But it is not the State's responsibility to do so, and as previously mentioned, Astle did not timely request a limiting instruction. *See* Ariz. R. Evid. 105. Astle also argues the State's closing argument "says the defense counsel said or presented things that she did not," but Astle fails to provide any specificity or supporting facts.

¶11 Astle argues that defense counsel was ineffective because she did not object during "critical moments," did not ask for a mistrial and "responded to the 404 request two years after the prosecutor submitted it." Claims of ineffective assistance of counsel, however, may not be raised on direct appeal. *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415 ¶ 20 (2007).

## CONCLUSION

¶12 This court has read and considered counsel's brief, Astle's supplemental brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and finds none. The proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Astle at all stages of the proceedings and the sentences imposed were within the statutory guidelines. This court declines to order briefing and affirms Astle's convictions and sentences.

**¶13**        Upon the filing of this decision, defense counsel shall inform Astle of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Astle shall have 30 days from the date of this decision to proceed, if he desires, to file as a self-represented party a motion for reconsideration or a petition for review.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:      JR