NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA *Appellee*,

*v.*

JASON ALLEN CAMPBELL, *Appellant*.

No. 1 CA-CR 23-0354

FILED 03-13-2025

---

Appeal from the Superior Court in Mohave County
No. S8015CR202100262
The Honorable Douglas Camacho, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Kenneth Countryman, Attorney at Law, Tempe
By Kenneth Countryman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Brian Y. Furuya and Vice Chief Judge Randall M. Howe joined.

---

**G A S S**, Chief Judge:

¶1          Jason Allen Campbell filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Campbell's counsel certified he found no arguable, non-frivolous question of law. Counsel thus believes the appeal has no merit. *See State v. Clark*, 196 Ariz. 530, 537–38 ¶¶ 30–31 (App. 1999). Counsel asks this court to review the record for any arguable issues. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *State v. Thompson*, 229 Ariz. 43, 45 ¶ 3 (App. 2012). The court allowed Campbell to file a supplemental brief *in propria persona*. He has not. Campbell's conviction and sentence are affirmed.

## FACTUAL AND PROCEDURAL HISTORY

¶2          The court views the facts in the light most favorable to sustaining the jury's verdict and resolves all reasonable inferences against Campbell. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998).

¶3          Campbell went to a man's house late at night. The man's granddaughter answered the door and told Campbell her grandfather was sleeping. On her way to get her grandfather, she saw the victim coming towards the door from his trailer. The victim lived in one of the two trailers on the grandfather's property. The grandfather's daughter lived in the other.

¶4          While waiting, Campbell paced around the front porch and the driveway, talking to himself. The daughter saw the victim stand close to Campbell. Campbell yelled at the victim and said, "back off or I'll shoot." The daughter did not see a muzzle flash, but she saw Campbell raise his arm and pull the trigger on a gun. The daughter then saw the victim stumble back into the grandfather's house and Campbell take off in his vehicle. The victim managed to call 911. The daughter put pressure on the victim's wound. And when the grandfather came to his front door, he asked the victim who shot him. The victim identified Campbell. The bullet hit the

victim's stomach, liver, and right kidney, causing severe injuries. Four days later, the victim died from those injuries.

¶5            Several hours after the shooting, the police searched for Campbell. About a mile away, they saw someone, who turned out to be Campbell, run to an alleyway. The police gave chase. During the chase, Campbell fell but got up and continued running. When the police apprehended Campbell, he did not have a gun. In response to questioning, Campbell pointed to where he fell and said he dropped or threw the gun there. The police found a gun in the alleyway. The police took Campbell to a police car and read him his *Miranda* rights off a department-issued card. *See Miranda v. Arizona*, 384 U.S. 436 (1966). After he was read his rights, Campbell made statements about how "they killed [his] babies."

¶6            A grand jury indicted Campbell for one count of second-degree murder and one count of misconduct involving weapons. *See* A.R.S. §§ 13-1104.A.3, -3102.A.4. The superior court severed the two counts.

¶7            On the second day of trial, the superior court recessed to work on the proposed jury instructions and let parties know after the recess, they would go over the proposed jury instructions. After recess, the superior court acknowledged defendant was returned to jail and asked defense counsel if they are willing to go forward without the presence of the client. Defense counsel said he asked the deputy whether Campbell wanted to present and was told Campbell said "do I need to go back in?" Defense counsel mentioned to the superior court he did not have a chance to talk to Campbell, but "settling jury instructions has nothing to do with the case-in-chief, so I'll waive his appearance for purposes of just settling jury instructions." The superior court allowed the waiver.

¶8            The jury convicted Campbell of 1 count of the lesser-included offense of manslaughter, a class 2 felony. *See* A.R.S. §§ 13-1103.A.1, .D. The jury also found it was a dangerous offense because it involved the use of a firearm. *See* A.R.S. § 13-105.13, .15, .19. The superior court found the statutory aggravating circumstance of a prior felony conviction and relied on it to impose the maximum 21-year sentence. *See* A.R.S. §§ 13-701.C, .D.11, 13-704.A. The superior court imposed a 21-month term of community supervision and credited Campbell with 882 days presentence incarceration. On the State's motion, the superior court dismissed without prejudice the misconduct involving weapons count.

**¶9** The court has jurisdiction over Campbell's timely appeal under Article VI, Section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031 and -4033.A.1.

## DISCUSSION

**¶10** This court considered counsel's brief and thoroughly reviewed the record for any arguable, non-frivolous questions of law but identified none. *See Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537 ¶ 30.

**¶11** All proceedings complied with the Arizona Rules of Criminal Procedure. Campbell had the opportunity to be present for and was represented by counsel at all critical stages of the proceedings. *See State v. Bohn*, 116 Ariz. 500, 503 (1977); *State v. Conner*, 163 Ariz. 97, 104 (1990). Though settling jury instructions is a critical stage, the superior court did not err when it allowed defense counsel to waive Campbell's presence unilaterally for that limited purpose. *See State v. Teran*, 253 Ariz. 165, 173 ¶ 28 (App. 2022) (recognizing settling jury instructions is a "critical, trial-related issue[].")). The superior court reasonably relied on defense counsel's explicit waiver. *See State v. Rose*, 231 Ariz. 500, 504 ¶ 9 (2013). And Campbell voluntarily absented himself from those proceedings when he returned to jail after asking the deputy if he needed to go back in. *See id.*

**¶12** The superior court properly empaneled eight jurors and one alternate. *See* A.R.S. § 21-102.B. The record shows no evidence of jury misconduct. The superior court properly instructed the jury on the elements of both the charged and the lesser-included offenses, the State's burden of proof, and Campbell's presumed innocence. The superior court held appropriate pretrial hearings, and the evidence presented at trial was sufficient to support the jury's unanimous verdict.

**¶13** Campbell had a chance to speak at sentencing. *See* Ariz. R. Crim. P. 26.9 (requiring defendant's presence at sentencing), 26.10(c)(1) (allowing defendant to speak). Campbell's sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

**¶14** We affirm Campbell's conviction and sentence.

**¶15** After the filing of this decision, defense counsel's obligations pertaining to Campbell's representation in this appeal will end. Unless counsel finds an issue appropriate for submission to the Arizona Supreme Court in a petition for review, defense counsel need only inform Campbell

of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

**¶16**　　　　The court, of its own accord, grants Campbell 30 days from the date of this decision to file an *in propria persona* motion for reconsideration. *But see* Ariz. R. Crim. P. 31.20 (allowing 15 days to file a motion for reconsideration). Campbell has 30 days from the date of this decision to proceed, if he wishes, with an in *propria persona* petition for review or, if Campbell files a timely *in propria persona* motion for reconsideration, he has 15 days after the motion is decided. *See* Ariz. R. Crim. P. 31.21.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:　　　　JR