NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
**ARIZONA COURT OF APPEALS
DIVISION ONE**

STATE OF ARIZONA, *Appellee,*

*v.*

NATALIE BETRUE, *Appellant.*

No. 1 CA-CR 24-0176

FILED 03-13-2025

Appeal from the Superior Court in Navajo County
No. S0900CR202200809
The Honorable Joseph Samuel Clark, Judge

**AFFIRMED**

APPEARANCES

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Rigg Law Firm, PLLC, Pinetop
By Brett R. Rigg
*Counsel for Appellant*

Natalie Betrue, Goodyear
*Appellant*

---

**MEMORANDUM DECISION**

Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Brian Y. Furuya and Vice Chief Judge Randall M. Howe joined.

---

**G A S S**, Chief Judge:

¶1　　　Natalie Betrue filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Betrue's counsel certified he found no arguable, non-frivolous question of law. Counsel thus believes the appeal has no merit. *See State v. Clark*, 196 Ariz. 530, 537–38 ¶¶ 30–31 (App. 1999). Counsel asks the court to search the record for any arguable issues. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *State v. Thompson*, 229 Ariz. 43, 45 ¶ 3 (App. 2012). The court accepted Betrue's supplemental brief, in which she raised 6 issues.

¶2　　　Betrue's conviction and sentence are affirmed without the need for further briefing.

**FACTUAL AND PROCEDURAL HISTORY**

¶3　　　The court views the facts in the light most favorable to sustaining the jury's verdict and resolves all reasonable inferences against Betrue. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998). The court will not reweigh the evidence. *State v. Lee*, 189 Ariz. 590, 603 (1997).

¶4　　　In 2022, the police executed a search warrant at Betrue's home, a trailer, looking for evidence Betrue possessed methamphetamine and marijuana for sale. Betrue, who was standing on the porch when the police arrived, retreated inside and locked the door.

¶5　　　The police approached the trailer and announced their presence, telling Betrue they had a warrant and instructing her to open the door. During this time, an officer heard footsteps and a toilet flush. Eventually, the police broke the front door down and entered the trailer.

¶6　　　The police found Betrue in her bedroom, which was near the bathroom. Her hands were wet and she had urinated on herself. During their search of her residence, the police found water on the bathroom floor and toilet seat, consistent with items being thrown into the toilet. In Betrue's

bedroom, they found drug paraphernalia including ledgers, a plate with methamphetamine residue on it, and crystalized methamphetamine in the carpet. They found some evidence those items were destroyed.

¶7 The police took Betrue to the police station, advised her of her *Miranda* rights, and then questioned her after she agreed to speak with them. She told the police she knew what she was doing was not right, but she was tired of being poor and was trying to make money. Betrue then told the police she flushed everything she had on her person. She said it was "at least over a quarter ounce" or "about three eight balls."

¶8 The State charged Betrue with 1 felony: possession of a dangerous drug for sale, a class 2 felony. *See* A.R.S. § 13-3407.A.2, .B.2. Betrue's first counsel withdrew early in the case and the superior court appointed new counsel. Before the trial scheduling conference, Betrue's new counsel moved to withdraw, which the superior court denied. Following a 2-day jury trial, the jury found Betrue guilty of one count of possession of a dangerous drug for sale. The jury then found an aggravating circumstance, pecuniary gain. *See* A.R.S. § 13-701.D.6.

¶9 At sentencing, the superior court considered the 1 aggravating circumstance—the act was committed for pecuniary gain—and found 2 mitigating circumstances—Betrue's substance abuse problem and family support. The superior court found the mitigating circumstances slightly outweighed the aggravating circumstance and imposed a slightly-mitigated 7-year term to be served day-for-day. The superior court credited Betrue with 44 days presentence incarceration, imposed a consecutive community supervision term, and ordered her to pay $1,844 in fines and fees.

¶10 The court has jurisdiction over Betrue's timely appeal under Article VI, Section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031 and -4033.A.1.

## DISCUSSION

¶11 Betrue's counsel says he diligently searched the record and identified no arguable, non-frivolous question of law. In her supplemental brief, Betrue raises 6 issues, which fit into 2 categories: (1) admissibility of evidence and (2) sufficiency of evidence.

¶12 Because Betrue's trial counsel raised none of the issues before the superior court, the court reviews for fundamental error. When a defendant objects at trial, the court conducts a harmless error review in

which the State bears the burden "to prove beyond a reasonable doubt that the error did not contribute to or affect the verdict or sentence." *State v. Strong*, ___ Ariz. ___, ___ ¶ 45, 555 P.3d 537, 553 (2024) (quoting *State v. Henderson*, 210 Ariz. 561, 567 ¶ 18 (2005)). "Conversely, for issues not properly objected to at trial, we review for fundamental error only." *Id.* (citing *State v. Escalante*, 245 Ariz. 135, 140 ¶ 12 (2018)).

¶13 For fundamental error, "a defendant must establish both that fundamental error occurred and that it caused [the defendant] prejudice (though showing the former may establish the latter)." *Id.* (quoting *State v. Johnson*, 247 Ariz. 166, 185 ¶ 41 (2019)). Fundamental error must go "to the foundation of the case, take[] away from the defendant a right essential to [the defendant's] defense, or [be] of such magnitude that the defendant could not have possibly received a fair trial." *Id.* In assessing the alleged prejudice, the court reviews "whether, without the error, a reasonable jury could have reached a different result, even if substantial evidence of guilt exists." *Id.* (quoting *Escalante*, 245 Ariz. at 144 ¶ 34).

¶14 We address each category in turn.

## I. The superior court did not err when it admitted portions of Betrue's interrogation.

¶15 Betrue argues the superior court erred when it admitted portions of her recorded interrogation rather than showing it in its entirety. She also argues she was under the influence of alcohol when the police interrogated her, and the jury would have a better understanding of her condition if it had viewed the entire video.

¶16 First, Betrue's defense counsel agreed to the admission of only those portions of the interrogation and did not ask to admit any additional portions. Defense counsel said, "I don't have an objection to it, now that I've seen what clips they have." The superior court allowed the State to present those portions to the jury with a limiting instruction. Defense counsel questioned Betrue based on the video's content. Second, during that questioning, Betrue told the jury she was intoxicated during the interrogation, so the jury had the opportunity to weigh that testimony in reaching its verdict.

¶17 The superior court thus properly admitted portions of the video. *See State v. Parker*, 231 Ariz. 391, 405 ¶ 61 (2013) (finding a party precluded from challenging admissibility of evidence on appeal after stipulating to its admission). And the court will not reweigh the evidence about her alleged intoxication at the time. *See Lee*, 189 Ariz. at 603.

## II.  Sufficient evidence supports Betrue's conviction.

¶18        Betrue argues the evidence does not support her conviction, asking the court to draw different inferences from the evidence based on her alternative explanations.

¶19        To that end, Betrue says the police heard the toilet flushing because she was frightened and using the bathroom and that is how she ended up urinating on herself. She says the traffic at her trailer was friends coming to visit. And she says the officers did not know what ledgers were. For those reasons, she argues the evidence does not support her conviction.

¶20        Betrue also argues the jury could not convict her unless the State proved she possessed at least 9 grams of methamphetamine. The police found just 1.36 grams when they arrested her, but she admitted flushing about 3 "eight balls" down the toilet.

¶21        Betrue correctly notes A.R.S. § 13-3401.36(e) defines the "threshold amount" for methamphetamine as 9 grams. But she does not refer to the relevant statute. As the superior court correctly noted, the threshold amount does not determine whether Betrue possessed the methamphetamine for sale. *See* A.R.S. §§ 13-3407.A.2, -3401.36. Instead, as the superior court correctly told her, it only affected sentencing under A.R.S. § 13-3407.D. Even so, 3 "eight balls" equals 10.5 grams, which exceeds 9 grams.

¶22        Here, Betrue was subject to sentencing under subsection 3407.E regardless of the quantity because the jury found the methamphetamine she possessed was for sale. And the evidence included her statements as to the amount, her admissions to selling methamphetamine, and the officer's testimony about the amount based on her admissions of what she flushed.

¶23        At bottom, Betrue's counsel had the opportunity to, and did, cross-examine each witness about those matters. The jury considered both the State's and the defense's evidence and arguments. Because the court draws all reasonable inferences against Betrue and does not reweigh the evidence, the evidence sufficiently supports the conviction. *See Fontes*, 195 Ariz. at 230 ¶ 2; *Lee*, 189 Ariz. at 603.

**III.    Beyond the issues Betrue raised, the court read and considered counsel's brief, and fully reviewed the record for arguable, non-frivolous error and identified no such error.**

**¶24**        All proceedings complied with the Arizona Rules of Criminal Procedure. The superior court properly empaneled 8 jurors and 1 alternate. *See* A.R.S. § 21-102.B. The record shows no evidence of jury misconduct. The court properly instructed the jury on the elements of the charged offense, the State's burden of proof, and Betrue's presumed innocence. Betrue was present and represented by counsel at all stages of the proceedings. *See State v. Bohn*, 116 Ariz. 500, 503 (1977); *State v. Conner*, 163 Ariz. 97, 104 (1990). The superior court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's unanimous verdict.

**¶25**        Betrue had a chance to speak at sentencing. *See* Ariz. R. Crim. P. 26.9 (requiring defendant's presence at sentencing); 26.10(c)(1) (allowing defendant to speak). Betrue's sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

**¶26**        We decline to order further briefing and affirm Betrue's conviction and sentence.

**¶27**        After the filing of this decision, defense counsel's obligations pertaining to Betrue's representation in this appeal will end. Unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review, defense counsel need only inform Betrue of the outcome of this appeal and her future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

¶28      The court, of its own accord, grants Betrue 30 days from the date of this decision to file an *in propria persona* motion for reconsideration. *But see* Ariz. R. Crim. P. 31.20 (allowing 15 days to file a motion for reconsideration). Betrue has 30 days from the date of this decision to proceed, if she wishes, with an *in propria persona* petition for review or, if Betrue files a timely *in propria persona* motion for reconsideration, she has 15 days after the motion is decided. *See* Ariz. R. Crim. P. 31.21.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:      JR