NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*

*v.*

CHRISTOPHER EARL LAWRENCE, *Appellant*

No. 1 CA-CR 24-0446

FILED 11-28-2025

Appeal from the Superior Court in Maricopa County
No. CR2023-129191-001
The Honorable Michael Mandell, Judge

**AFFIRMED**

COUNSEL

Ortega & Ortega, PLLC
By Alane M. Ortega
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

_____

**MEMORANDUM DECISION**

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Michael S. Catlett joined.

_____

**J A C O B S,** Judge:

¶1        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969).  Counsel for Christopher Earl Lawrence has advised this court that counsel found no arguable questions of law and asks us to search the record for reversible error.  Lawrence was convicted of two counts of misconduct involving weapons, one count of possession or use of narcotic drugs, and one count of possession or use of drug paraphernalia.  Lawrence was given an opportunity to file a supplemental brief, but has not done so.  After reviewing the record, we affirm Lawrence's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2        We view the facts in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Lawrence.  *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

### A.        Arrest

¶3        On June 30, 2023, Lawrence was stopped by Phoenix Police officers at a Circle K near 35th Avenue and Deer Valley Road for driving a truck with fictitious plates.  One of the officers arrested Lawrence and conducted a search incident to arrest.  During the search, the officer found a glass pipe, two metal pipes, and a blue pill stamped with "M30" in Lawrence's pockets.  After placing Lawrence in custody, the arresting officers looked in the truck to ensure there were no other occupants and observed multiple firearms between the driver's seat and the front passenger seat.  After confirming the plates were fictitious, the officers conducted a probable cause search of the truck and removed two rifles and multiple magazines.

### B.        Pre-Trial

¶4        Lawrence was charged with two counts of misconduct involving weapons due to his status as a prohibited possessor, as well as one count of possession or use of narcotic drugs and one count of

possession or use of drug paraphernalia. On July 17, 2023, Lawrence appeared for his arraignment and pled not guilty to all charges. The State extended multiple plea offers to Lawrence, which he did not accept. Lawrence failed to appear for the final trial management conference on October 16, 2023, and a bench warrant was issued for his arrest. Lawrence appeared for a subsequent final trial management conference on March 12, 2024, where he officially rejected the State's plea offer and a proper *Donald* advisement was given. *State v. Donald*, 198 Ariz. 406 (App. 2000).

**¶5** On April 23, 2024, the superior court scheduled Lawrence for a bifurcated trial with twelve jurors, with trial for Counts 1 and 2 to begin on May 13, 2024, and trial for Counts 3 and 4 to begin on May 21, 2024. At the end of the trial setting hearing, the superior court warned Lawrence that if he "fail[ed] to appear, a bench warrant would issue, and the State could try [him] in [his] absence."

### C. Trial

#### 1. Counts 1 and 2 – Misconduct Involving Weapons

**¶6** The trial for Counts 1 and 2, misconduct involving weapons, began on May 13, 2024. Lawrence did not appear for any of his trial, and the court proceeded with trial in his absence.

**¶7** The State presented the testimony of Officer Coombs, one of the officers who initiated the traffic stop of Lawrence. Officer Coombs testified that he was on patrol with Officer McCarthy near 35th Avenue and Deer Valley Road on June 30, 2023 when Officer McCarthy ran the license plate of a black truck that was parked in a residential driveway and discovered its plates were fictitious. The officers surveilled the truck for a short period of time, during which the truck reversed out of the driveway and drove north on 35th Avenue to a nearby Circle K. The officers followed the truck to Circle K and arrested the driver of the vehicle. The officers then observed the vehicle from the outside to ensure there were no other occupants and noticed multiple firearms and magazines between the driver's seat and front passenger seat. The officers confirmed the license plate was fictitious by running the truck's VIN and then conducted a probable cause search of the vehicle to remove the firearms.

**¶8** Officer Dunning and Officer Holten were called to assist in the removal of the firearms. Officer Dunning removed an "AR-style rifle that was chambered," and Officer Von Holten removed a "Ruger 10/22 rifle" with a banana magazine in it. After the firearms were unloaded, they

were given to Officer Coombs for custody and transported to the Cactus Park precinct.

**¶9** A police assistant with the Phoenix Police Department testified that both firearms were tested and successfully test fired. An investigator with the Phoenix Police Department testified that he fingerprinted Lawrence on April 23, 2024. A forensic scientist for the City of Phoenix testified that she compared the fingerprints collected by the investigator to fingerprint impressions from an automated summary report from the Arizona Department of Corrections. The forensic scientiest testified the fingerprints were a match.

**¶10** Following the State's presentation of evidence, Lawrence's counsel moved for a judgment of acquittal under Arizona Rule of Criminal Procedure 20, arguing there was not substantial evidence to warrant a conviction. The superior court denied the motion, finding there was substantial evidence to warrant a conviction. The case was submitted to the jury, and the jury returned a verdict of guilty on both counts of misconduct involving weapons.

### 2. Counts 3 and 4 – Possession or Use of Narcotic Drugs and Possession or Use of Drug Paraphernalia

**¶11** The trial for Counts 3 and 4, possession or use of narcotic drugs and possession or use of drug paraphernalia, began on May 29, 2024. Lawrence did not appear for any of his trial, and the court proceeded with trial in his absence.

**¶12** Officer McCarthy testified that he came into contact with Lawrence during a traffic stop at a Circle K. After lawfully stopping and arresting Lawrence, Officer McCarthy conducted a search incident to arrest of Lawrence. During his search, Officer McCarthy found a glass pipe in one of Lawrence's pockets, and found a blue pill stamped with "M30" and two metal pipes in his other pocket. Officer McCarthy testified that based on his training and experience, the glass and metal pipes are usually used to smoke or inhale fumes coming from drugs, and that the blue pill was a counterfeit pill laced with fentanyl. The items were placed in a property bag and impounded by Officer Coombs.

**¶13** A forensic scientist from the Phoenix Police Department, testified that she tested the "M30" pill found on Lawrence and confirmed it contained fentanyl. After the scientist's testimony, Lawrence's counsel moved for a judgment of acquittal under Arizona Rule of Criminal Procedure 20, arguing there was not substantial evidence to warrant a

conviction. The superior court denied the motion, finding there was substantial evidence. The case was submitted to the jury, and the jury returned a verdict of guilty on both counts.

### D. Sentencing

**¶14** The superior court conducted the sentencing hearing in compliance with Lawrence's constitutional rights and Arizona Rule of Criminal Procedure 26. The court found the following mitigating factors: (1) Lawrence will be on probation after he is released from custody; (2) substance abuse issues affecting Lawrence's judgment; (3) more than 20 years had elapsed since Lawrence's prior convictions; and (4) the vehicle Lawrence was driving was not his own, the State's evidence didn't demonstrate that Lawrence knew the weapons were in the vehicle, and even if he did know they were there, the weapons weren't being used in any manner. As to Counts 1 and 2, Lawrence was sentenced to a mitigated term of six years imprisonment for each count to begin on August 2, 2024, with a presentence credit of 61 days. Counts 1 and 2 were to be served concurrently. As to Counts 3 and 4, Lawrence was sentenced to three years of supervised probation. Counts 3 and 4 were also to be served concurrently. Lawrence's sentence requires him to complete substance abuse treatment once on probation. The court also assessed Lawrence: (1) a $13 criminal penalty assessment; (2) $2 for victim's rights enforcement; (3) $9 for victim's rights compensation; and (4) a reduced probation services fee of $35.

### DISCUSSION

**¶15** We review the entire record for reversible error. *State v. Thompson*, 229 Ariz. 43, 45 ¶ 3 (App. 2012). Counsel for Lawrence has advised this court that after a diligent search of the entire record, counsel found no arguable questions of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Lawrence at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Lawrence's convictions and sentences.

**¶16** We next analyze two potential issues in this matter, and explain why neither of them constitutes reversible error.

¶17         *First*, both trials proceeded in Lawrence's absence, but the superior court's decision to proceed in his absence was not error. Lawrence waived his right to be present because he "had actual notice of the date and time of the proceeding, notice of the right to be present, and notice that the proceeding would go forward in [his] absence." Ariz. R. Crim. P. 9.1.

¶18         *Second*, a presentence report was not prepared in this case. The superior court will typically order preparation of the presentence report after the verdicts are read on the last day of trial, but it is possible the court did not do so here because Lawrence was tried in absentia. Regardless, the superior court must order a presentence report in every case with a sentence of more than one year in which it has discretion over the penalty, and it was error for the superior court not to do so here. Ariz. R. Crim. P. 26.4(a). This error is harmless, though, because the superior court sentenced Lawrence to the lowest possible sentence available under the law. *See State v. Howard*, --- Ariz. ---, 573 P.3d 1142, 1152 ¶ 37 (App. 2025) (For an error to be harmless, it must be true "beyond a reasonable doubt that the error did not contribute to or affect the verdict or sentence.") (cleaned up). Moreover, Lawrence did not object to this error below, and "a party's failure to make a timely objection to a sentencing procedure waives that point for appeal." *State v. Clabourne*, 142 Ariz. 335, 346 (1984).

## CONCLUSION

**¶19**        We affirm.  Upon the filing of this decision, defense counsel shall inform Lawrence of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  The court, of its own accord, grants Lawrence thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration.  *See* Ariz. R. Crim. P. 31.3(a) (appellate court may for good cause suspend any provision of Rule 31 and order proceedings as it directs); Ariz. R. Crim. P. 31.20(c) (allowing fifteen days to move for reconsideration).  Lawrence may petition the Arizona Supreme Court for review no later than thirty days after the date of this decision or, if Lawrence files a timely motion for reconsideration, no later than fifteen days after the motion is decided.  *See* Ariz. R. Crim. P. 31.21(b)(2)(A).



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR