NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JENNIFER P. VAZQUEZ, *Appellant.*

No. 1 CA-CR 24-0619

FILED 12-15-2025

Appeal from the Superior Court in Mohave County
No. S8015CR202400485
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

APPEARANCES

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Jill L. Evans Attorney at Law, Flagstaff
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge David B. Gass delivered the decision of the court, in which Judge Michael J. Brown and Judge Andrew J. Becke joined.

---

**G A S S**, Judge:

¶1 Following a jury trial, the superior court sentenced Jennifer P. Vazquez to an 18-month probation term for possession of dangerous drugs (methamphetamine), a class 4 felony; and possession of drug paraphernalia involving a small container in which Vazquez stored the methamphetamine, a class 6 felony. Vazquez's counsel filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Vazquez's counsel told the court she found no arguable and non-frivolous questions of law. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Counsel asks the court to search the record for any arguable issues. *See Penson v. Ohio*, 488 U.S. 75, 81–82 (1988); *Clark*, 196 Ariz. at 537 ¶ 30. The court allowed Vazquez to file a supplemental brief *in propria persona*. Vazquez has not.

¶2 The court reviewed the record and identified no arguable issue. The court thus affirms.

## FACTUAL AND PROCEDURAL HISTORY

¶3 The court views the facts in the light most favorable to sustaining the jury's verdict and resolves all reasonable inferences against Vazquez. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998).

¶4 Kingman police were investigating a vehicle theft when they stopped the vehicle Vazquez was driving. The vehicle Vazquez drove was not the alleged stolen vehicle, but the suspect in that vehicle theft was Vazquez's passenger. The passenger fled the scene when Vazquez stopped.

¶5 The police obtained a search warrant for the vehicle and found 3 backpacks inside. At first, Vazquez said all 3 backpacks belonged to the passenger. But when Vazquez saw an all-black backpack directly behind the driver's seat, Vazquez said it was "our bag," saying she and the vehicle owner (not the passenger) both used that backpack. The vehicle owner, Vazquez's friend, was not in the vehicle when the police stopped Vazquez and is not a party to this case.

¶6          In 2 backpacks, the police found various items, including a black wig involved in the vehicle theft the police were investigating. In the all-black backpack, the police found several items including hygiene products, cosmetics, several cell phones, tablets, and chargers. Several items in the all-black backpack had Vazquez's name written on them, including 2 prescription bottles and a jewelry tin. The jewelry tin contained 2 baggies of a white crystalline substance, which later proved to be methamphetamine. The police showed Vazquez the contents of the all-black bag. Vazquez said she recognized the prescription bottles and the jewelry tin, but she denied knowing about the methamphetamine in the tin.

¶7          The State charged Vazquez with (1) possession of dangerous drugs under A.R.S. § 13-3407.A.1 and (2) possession of drug paraphernalia, under A.R.S. § 13-3415.

¶8          The superior court held a jury trial. Vazquez testified. She said she was heading to Kingman after driving back from Las Vegas. The vehicle owner, Vazquez's friend, loaned Vazquez the vehicle for the trip. At the friend's request, Vazquez agreed to pick up the passenger and give him a ride. The friend had just started dating the passenger, so Vazquez did not know a lot about him.

¶9          Shortly after picking up the passenger, the police pulled them over. Vazquez said she did not look behind the front seats to see how many bags the passenger put there. She said she and her friend, the vehicle owner, both used the all-black backpack as their joint hygiene bag while visiting Las Vegas. Vazquez said she did not remember the hygiene bag was in the vehicle when the police pulled her over. For that reason, she said she did not recognize the all-black backpack when the police first showed it to her.

¶10          The jury convicted Vazquez of both charges. The superior court suspended her sentence on both and imposed an 18-month concurrent probation term along with applicable fees, fines, and surcharges.

¶11          The court has jurisdiction over Vazquez's timely appeal under Article VI, Section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031 and 13-4033.A.1.

## DISCUSSION

¶12          The court considered counsel's brief and thoroughly reviewed the record for any reversible error. *See Leon*, 104 Ariz. at 300; *State v. Thompson*, 229 Ariz. 43, 45 ¶ 3 (App. 2012).

¶13      The superior court conducted all the proceedings in compliance with the Arizona Rules of Criminal Procedure. Vazquez was present and represented by counsel during all critical stages of the proceedings. *See State v. Bohn*, 116 Ariz. 500, 503 (1977); *State v. Conner*, 163 Ariz. 97, 104 (1990). The jury was properly comprised of 8 jurors and 1 alternate. *See* A.R.S. § 21-102.B (requiring an 8-person when the criminal defendant does not face the death penalty or a prison sentence of 30 years or more). The record shows no evidence of jury misconduct. The superior court properly instructed the jury on the elements of the offenses, the State's burden of proof and Vazquez's presumed innocence. The superior court allowed Vazquez to speak at sentencing and suspended Vazquez's sentence and ordered probation terms consistent with the statutory guidelines. *See* Ariz. R. Crim. P. 26.9, 26.10(c)(1).

## CONCLUSION

¶14      Because the record shows no arguable issue, the court affirms.

¶15      Vazquez's counsel's obligation to represent Vazquez in this appeal has ended. Vazquez's counsel need only inform Vazquez of the outcome of this appeal and her future options unless, upon review, Vazquez's counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

¶16      Vazquez has 30 days from the date of this decision to proceed, if she wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21(b)(2)(A). The court, of its own accord, also grants Vazquez 30 days from the date of this decision to file an *in propria persona* motion for reconsideration. *But see* Ariz. R. Crim. P. 31.20 (allowing 15 days to file a motion for reconsideration).



MATTHEW J. MARTIN • **Clerk of the Court**
**FILED**:      JR