NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ERVIN BAKER, *Appellant*.

No. 1 CA-CR 24-0581

FILED 01-23-2026

Appeal from the Superior Court in Maricopa County
No. CR2023-001647-001
The Honorable Sam J. Myers, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Ortega & Ortega, PLLC, Phoenix
By Alane M. Ortega
*Counsel for Appellant*

Ervin Baker, Tucson
*Appellant*

---

**MEMORANDUM DECISION**

Judge Andrew J. Becke delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

---

**B E C K E**, Judge:

**¶1**　　　　Defendant Ervin Baker appeals his convictions and sentences for two counts of sale or transportation of narcotic drugs. Baker's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying she found no arguable, non-frivolous question of law. *See State v. Clark*, 196 Ariz. 530, 537–38, ¶¶ 30–31 (App. 1999). Counsel asked us to review the record for any arguable issues. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *State v. Thompson*, 229 Ariz. 43, 45, ¶ 3 (App. 2012). Baker was given an opportunity to file a supplemental brief *in propria persona*. Baker filed a number of documents, which we treat collectively as his supplemental brief. However, Baker's supplemental brief does not contain any legal arguments, merely recitations of various legal principles.

**¶2**　　　　After reviewing the record, we revested jurisdiction in the superior court to state its reasons for imposing concurrent sentences on the record as required by A.R.S. § 13-711(A). *State v. Perez-Gutierrez*, 257 Ariz. 334, 336, ¶ 3 (2024) (holding that when the superior court fails to state on the record its reasons for imposing consecutive or concurrent prison terms, "remand for the limited purpose of statutory compliance is appropriate").

**¶3**　　　　The superior court issued an order on December 9, 2025 explaining its reasoning. For reasons that follow, we affirm Baker's convictions and sentences.

## FACTUAL AND PROCEDURAL HISTORY

**¶4**　　　　We view the facts in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Baker. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

**¶5**　　　　On the morning of June 7, 2023, a group of undercover police detectives and officers drove through a Phoenix neighborhood where they suspected drug sales were occurring. While driving down a street, two detectives spotted Baker flagging down other cars and yelling at them. The

detectives pulled over, and Baker "made eye contact with [them] and walked over to [their] car." One detective asked Baker if he had any "blues," a slang term for fentanyl pills. While Baker denied having any blues, he told the detectives he had crack cocaine. The other detective told Baker he had $20 and wanted to buy the crack cocaine. Baker held up a "loose fist" and revealed "several crack rocks" in his hand. Upon receiving a $20 bill from the detective, Baker handed over a small crack cocaine rock. The detectives attempted to video the drug sale, but only the audio was recorded because a technical difficulty caused the video to freeze.

¶6          The detectives radioed the rest of their team about the drug transaction, prompting another detective and an officer to drive down the same street. The detective observed a group of people standing around and pulled over to initiate contact. The officer initially made contact with a female from the passenger side of the car and attempted to "trade some cigarettes for some crack cocaine" but was interrupted by Baker from the driver side of the car. Baker "produced in his hand a quantity of crack cocaine" and encouraged them "to buy the crack cocaine from him" instead. The detective took the crack cocaine rock from Baker and handed him $15. The detective's car had covert cameras, which video-recorded the entire drug sale with Baker.

¶7          Moments later, marked patrol cars arrived, and an officer arrested Baker. Immediately before his arrest, Baker threw a small object into his mouth. The arresting officer told Baker to open his mouth, but the officer did not see anything. Upon arresting Baker, the officer searched him. The officer found a cellphone and a wallet with one $20 bill, three $10 bills, one $5 bill, and twelve $1 bills. The substances Baker sold during the two transactions were crack cocaine.

¶8          The State charged Baker with two counts of sale or transportation of narcotic drugs, class 2 felonies. *See* A.R.S. § 13-3408(A)(7). Prior to trial, the State requested an Arizona Rule of Evidence 609 hearing to impeach Baker with prior convictions if he chose to testify. The superior court held a 609 hearing and granted the State's request. The State was permitted to impeach Baker with his two most recent prior felony convictions, both sanitized as to the nature of the felonies.

¶9          Baker's defense counsel, at the behest of Baker's advocate, requested an Arizona Rule of Criminal Procedure 11 evaluation, which the superior court granted. Two court-appointed mental health experts evaluated Baker and determined he was competent to stand trial. Based on these evaluations, the Rule 11 Commissioner found Baker understood the

proceedings, was able to assist his counsel in his own defense, and was competent to proceed to trial.

**¶10** At trial, the three detectives and one officer testified that Baker sold crack cocaine to them two times. The State presented the video recording of one transaction and an audio recording of the other transaction. The forensic scientist, who tested both substances with the gas chromatograph mass spectrometer, testified that each substance was crack cocaine.

**¶11** Baker testified at trial, admitting to both instances of selling crack cocaine to undercover detectives, but he raised the affirmative defense of entrapment. Throughout his testimony, Baker admitted to being a crack cocaine user and that his intention on June 7, 2023 was to sell what little crack cocaine he had left to fund future purchases of more crack cocaine to keep smoking.

**¶12** The jury found Baker guilty as charged. During the aggravation phase of trial, the jury found one aggravating circumstance beyond a reasonable doubt for both counts—that Baker "committed the offense as consideration for the receipt, or in expectation of the receipt, of anything of pecuniary value." *See* A.R.S. § 13-701(D)(6). The superior court sentenced him to concurrent minimum terms of 14 years imprisonment for each count with credit for 49 days of presentence incarceration.

**¶13** Baker timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

**¶14** Our review reveals no reversible error. *See Leon*, 104 Ariz. at 300. All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Baker was represented by counsel at all stages of the proceedings and was present at all critical stages including trial, the rendering of the verdict, and sentencing.[1] *See State v. Conner*, 163 Ariz. 97,

---

[1] We identified three times where Baker was absent, but his attorney was present: (1) an initial pretrial conference where Baker requested his presence be waived; (2) one moment at trial when defense counsel moved for, and the superior court denied, a directed verdict on both counts; and (3) at sentencing, which was continued, where Baker refused transport.

104 (1990) (right to counsel at critical stages); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages).

¶15 The jury was properly comprised of twelve jurors and two alternates, and the record shows no evidence of juror misconduct. *See* A.R.S. § 21-102; Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Baker's presumption of innocence. At sentencing, Baker was given an opportunity to speak, and the court stated on the record the evidence and materials it considered in imposing the sentence. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentence imposed was within the statutory limits. *See* A.R.S. §§ 13-703(C), (H), -3408(A)(7), (B)(7). The trial court properly advised Baker of his right to appeal, right to petition for post-conviction relief, and right to file an application to set aside the judgment. *See* Ariz. R. Crim. P. 26.11.

## CONCLUSION

¶16 We affirm Baker's convictions and sentences. Unless defense counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review, her obligations regarding Baker's appeal will end after informing him of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

¶17 Baker has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review to the Arizona Supreme Court. *See* Ariz. R. Crim. P. 31.21(b)(2)(A). Upon this Court's own motion, we also grant Baker thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR