NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DREW ALLEN CAUDLE, *Appellant.*

No. 1 CA-CR 24-0447

FILED 03-30-2026

Appeal from the Superior Court in Maricopa County
No.  CR2021-134731-001
The Honorable Monica Edelstein, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Susser Law Firm, PLLC, Chandler
By Adam Susser
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Andrew J. Becke delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

---

**B E C K E**, Judge:

**¶1**         Defendant Drew Allen Caudle appeals his convictions and sentences for five counts of forgery, a class four felony, and five counts of acquisition or administration of narcotic drugs, a class three felony. Caudle's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying he found no arguable, non-frivolous question of law. *See State v. Clark*, 196 Ariz. 530, 537–38, ¶¶ 30–31 (App. 1999). Counsel asked us to review the record for any arguable issues. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *State v. Thompson*, 229 Ariz. 43, 45, ¶ 3 (App. 2012). Caudle was given an opportunity to file a supplemental brief *in propria persona* but did not do so. For reasons that follow, we affirm Caudle's convictions and sentences.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**         We view the facts in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Caudle. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

**¶3**         On June 27, 2019, an Albertson's pharmacy manager struck up a conversation with Caudle as he picked up a prescription for 180 fifteen milligram oxycodone tablets. The pharmacy manager had another patient who was looking for a referral to a new doctor, and she wondered if Caudle liked his current doctor. After Caudle failed to give what the pharmacy manager considered a "reasonable answer," she questioned if Caudle actually knew the provider.

**¶4**         The next day, the pharmacy manager contacted the clinic listed on the prescription, and asked if Caudle was a patient. The clinic determined that Caudle was not a patient and that the provider whose signature appeared on the prescription never saw Caudle or prescribed medication for him. The clinic's director of nursing and clinical operations provided this information to law enforcement.

¶5          Law enforcement contacted the pharmacy manager, who provided copies of five prescriptions filled by Caudle in December 2018, February 2019, April 2019, May 2019, and June 2019. Each of those prescriptions contained forged signatures. The pharmacy manager identified Caudle in a photo lineup as the individual who dropped off the five paper prescriptions and picked up the filled medication. She then gave law enforcement a copy of the driver's license on file for the five prescriptions—Caudle's license.

¶6          Caudle was charged with five counts of forgery and five counts of acquisition or administration of narcotic drugs. Initially, Caudle entered a diversion program and prosecution of his case was suspended. As part of the diversion program, a defendant completes counseling and if successful, the pending charges are dismissed. To participate, Caudle had to waive his right to a preliminary hearing and sign and initial a consent form that included, among other things, the following statement:

> I do not contest my guilt in this matter. I admit that I committed the charged offenses as further explained in the factual basis that I signed and provided to the State. I acknowledge and agree that this admission of guilt and factual basis may be used against me if I do not successfully complete the deferred prosecution program and I decide to have a trial in this matter.

¶7          Caudle's attorney went through each of the forms with him and signed alongside Caudle. The attorney then moved to withdraw as counsel of record, which the superior court granted. A few months later, Caudle failed to show up for drug testing, and the State resumed prosecution.

¶8          The State provided notice that it would be calling the attorney who had withdrawn as a trial witness. Caudle moved to preclude testimony from the attorney and any diversion paperwork, which the superior court denied. The attorney objected to being subpoenaed, but both the State and Caudle asked the superior court to deny the objection to the subpoena, which it did.

¶9          At trial, the State presented testimony from the attorney, the pharmacy manager, the clinic's director of nursing and clinical operations, the provider, and the law enforcement officers involved in Caudle's case. The pharmacy manager identified Caudle as the individual who picked up the prescriptions, and the clinic director and provider testified that Caudle

was never a patient at the clinic. The provider denied writing the five prescriptions. The attorney testified about his personal observations of Caudle signing the diversion program consent paperwork.

**¶10** The jury found Caudle guilty as charged. Before sentencing, Caudle moved to waive his right to counsel, which the superior court granted, and Caudle filed a motion for new trial. After the court denied the motion, Caudle retained counsel again to represent him for sentencing. The court sentenced him to concurrent presumptive prison terms for each count, the longest of which was 3.5 years, with credit for 116 days of presentence incarceration.

**¶11** Caudle timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

**¶12** Our review reveals no reversible error. *See Leon*, 104 Ariz. at 300. All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Caudle was represented by counsel at all stages of the proceedings except for two post-trial continuance hearings, for which he waived his right to counsel. Caudle was also present at all critical stages except for the reading of the verdict, for which counsel waived Caudle's presence. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages).

**¶13** The jury was properly comprised of twelve jurors and two alternates, and the record shows no evidence of juror misconduct. *See* A.R.S. § 21-102; Ariz. R. Crim. P. 18.1(a). The superior court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Caudle's presumption of innocence. At sentencing, Caudle was given an opportunity to speak, and the court stated on the record the evidence and materials it considered in imposing the sentence. *See* Ariz. R. Crim. P. 26.9, 26.10. The sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-702(A), (D), -2002(A)(3), -3408(A)(6). The court properly advised Caudle of his right to appeal, right to petition for post-conviction relief, and right to file an application to set aside the judgment. *See* Ariz. R. Crim. P. 26.11.

## CONCLUSION

**¶14** We affirm Caudle's convictions and sentences. Unless defense counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review, his obligations regarding Caudle's appeal will end after informing him of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

**¶15** Caudle has 30 days from the date of this decision to proceed, if he desires, with a *in propria persona* motion for reconsideration or petition for review to the Arizona Supreme Court. *See* Ariz. R. Crim. P. 31.21(b)(2)(A).



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR